IN THE U.S. DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| Ya Ya SIDIBE | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| TRAVELERS INSURANCE COMPANY | ) |
| | ) |
| Defendant | ) |

Civil Action No. 1:05cv02035
**Judge C. Kollar-Kotelly**

## MOTION FOR SUMMARY JUDGMENT OF
## DEFENDANT, TRAVELERS INSURANCE COMPANY

Defendant, Travelers Insurance Company, by and through their undersigned counsel and pursuant to Rule 56 of the Federal Rules of Civil Procedure and LCvR 7, hereby respectfully moves this Honorable Court for the entry of an Order granting them summary judgment.

1.    Plaintiff is not an insured of the Travelers Insurance Company and, therefore, has no direct cause of action against the Travelers Insurance Company.

2.    Plaintiff's claims are barred by the doctrines of *res judicata* and collateral estoppel. The doctrines of *res judicata* and collateral estoppel apply because Travelers Insurance Company's previous Motion for Summary Judgment was granted on July 7, 2003.

3.    Additional grounds in support of this relief are set forth in the accompanying Statement Of Material Facts Not In Dispute and Memorandum Of Points And Authorities.

Accordingly, Defendant, Travelers Insurance Company, respectfully prays that summary judgment be granted in their favor and that the Complaint be dismissed, with prejudice.

Respectfully submitted,

JORDAN COYNE & SAVITS, L.L.P.


By:_____/s/_____
       Dwight D. Murray, #228932
       James F. Jordan, #6569
       1100 Connecticut Avenue, N.W.
       Suite 600
       Washington, D.C.  20036
       (202) 496-2801

Attorneys for Defendant,
Travelers Insurance Company


### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that copies of the foregoing Motion for Summary Judgment,

together with its accompanying Statement Of Material Facts Not In Dispute, Memorandum Of

Points And Authorities in support thereof and Proposed Order, were mailed, postage prepaid, this

 2  day of February, 2006, to:

                    Walter L. Blair, Esquire
                    Windell W. Thomas, Esquire
                    BLAIR & LEE, P.C.
                    4701 Melbourne Place
                    College Park, MD  20740



                    _____/s/_____
                    James F. Jordan

IN THE U.S. DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| Ya Ya SIDIBE | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | )     Civil Action No. 1:05cv02035 |
| | )     **Judge C. Kollar-Kotelly** |
| TRAVELERS INSURANCE COMPANY | ) |
| | ) |
| Defendant | ) |

## STATEMENT OF MATERIAL FACTS
## NOT GENUINELY IN DISPUTE

COMES NOW, Defendant, Travelers Insurance Company (hereinafter referred to as "Travelers" from time to time), by and through their undersigned counsel, and pursuant to LCvR 7 and Rule 56 of the Federal Rules of Civil Procedure, hereby states that the following are the material facts not genuinely in dispute which support the entry of summary judgment:

1.     Plaintiff filed a lawsuit, Case No. 1:99cv01841,[1] against West Auto Sales and Mujaidu Adeyemi on July 6, 1999 for injuries allegedly sustained during an automobile accident on December 9, 1998. See Sidibe 1 Complaint, [Ex. 1].

2.     Plaintiff filed an Amended Complaint on April 11, 2002, adding a claim of breach of contract against Defendant Travelers Insurance Company. See Sidibe 1 Amended Complaint, [Ex. 2].

3.     On or about December 9, 1998, the date of the alleged accident, West Auto Sales, Inc. was insured by Travelers Insurance Company. Parfitt Depo. [Ex. 7], p. 7.

---

[1]To avoid confusion, the case of Sidibe v. Adeyemi, 1:99cv01841, will be referred to as "Sidibe 1."

4.      The insured, Mujaidu Adeyemi, never notified Travelers Insurance Company of the claim by Plaintiff.  Parfitt Depo. [Ex. 7], pp. 30-34.

5.      On January 28, 2002, Defendant Travelers Insurance Company notified Plaintiff's counsel that Travelers had denied coverage to West Auto Sales, Inc. for failure to comply with the terms of its policy.  See Letter, [Ex. 8].

6.      Plaintiff was not a party to any agreement between West Auto Sales, Inc. and Travelers Insurance Company. See Declarations Page of Insurance Agreement, [Ex. 9].

7.      On January 10, 2003 Defendant Travelers Insurance Company filed a Motion for Summary Judgment in the first lawsuit.  See Sidibe 1 Motion for Summary Judgment, [Ex. 3].

8.      On January 23, 2003, Plaintiff filed an Opposition to Defendants' Motion for Summary Judgment.  See Sidibe 1 Opposition, [Ex. 4].

9.      On July 7, 2003, Judge William B. Bryant granted Defendants Motion for Summary Judgment.  See Sidibe 1 Order, [Ex. 5].

10.     On October 17, 2005, Plaintiff filed the current action, alleging breach of contract by Defendant Travelers Insurance Company.  See Complaint.

11.     The facts surrounding the alleged breach of contract in the instant suit are the same as those adjudicated in the prior lawsuit.

Respectfully submitted,

**JORDAN COYNE & SAVITS, L.L.P.**

By:     **/s/**
        Dwight D. Murray, #228932
        James F. Jordan, # 6569
        1100 Connecticut Avenue, NW
        Suite 600
        Washington, D.C.  20036
        (202) 496-2801

IN THE U.S. DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

Ya Ya SIDIBE                                )
                                            )
            Plaintiff                       )
                                            )
v.                                          )          Civil Action No. 1:05cv02035
                                            )          **Judge C. Kollar-Kotelly**
TRAVELERS INSURANCE COMPANY                 )
                                            )
            Defendant                       )

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANT, TRAVELERS INSURANCE COMPANY'S
MOTION FOR SUMMARY JUDGMENT**

COMES NOW, Defendant, Travelers Insurance Company (hereinafter referred to as

"Travelers" from time to time), by and through their undersigned counsel, hereby submits the

following Memorandum Of Points And Authorities in support of it's Motion For Summary

Judgment and states as follows:

**INTRODUCTION AND SUMMARY OF FACTS**

This lawsuit arises out of an automobile accident which allegedly occurred on December

9, 1998.  Plaintiff, Ya Ya Sidibe, initially filed a lawsuit, Case No. 1:99cv01841, against West

Auto Sales and Mujaidu Adeyemi on July 6, 1999 (Exhibit 1, attached hereto) ("Sidibe 1

Complaint, [Ex. 1]", hereinafter)[2].  Plaintiff then filed an Amended Complaint on April 11, 2002

adding claims of fraud, deceit and breach of contract against Donna Parfitt and Travelers

Insurance Company (Exhibit 2, attached hereto) ("Sidibe 1 Amended Complaint, [Ex. 2]",

_____

[2]To avoid confusion, the case of Sidibe v. Adeyemi, 1:99cv01841, will be referred to as
"Sidibe 1."

- 6 -

hereinafter).  On January 10, 2003, Defendants Donna Parfitt and Travelers Insurance Company filed a Motion for Summary Judgment (Exhibit 3, attached hereto) ("Sidibe 1 Motion for Summary Judgment, [Ex. 3]", hereinafter).  Plaintiff filed his Opposition to Defendants' Motion for Summary Judgment on January 23, 2003 (Exhibit 4, attached hereto) ("Sidibe 1 Opposition, [Ex. 4]", hereinafter).  The honorable William B. Bryant granted Defendants Donna Parfitt and Travelers Insurance Company's Motion on July 7, 2003 (Exhibit 5, attached hereto) ("Sidibe 1 Order, [Ex. 5]", hereinafter).

The instant action was commenced when Plaintiff filed his Complaint on October 17, 2005 alleging breach of contract by Defendant Travelers Insurance Company, the same allegation made in Plaintiff's Amended Complaint in Sidibe 1.  The underlying facts of the new Complaint are the same as those adjudicated in the previous action.

Sometime in November, 1998 Plaintiff met Mujaidu Adeyemi, at an auto auction. Deposition of Ya Ya Sidibe [Exhibit 6, attached hereto] ( "Sidibe Depo. [Ex.6]", hereinafter), p. 13.  Although the specific details concerning payment and ownership remain disputed, Plaintiff and Mujaidu Adeyemi each contributed money towards the purchase of a van.  Sidibe Depo. [Ex. 6], pp. 13-18, 26-27.  Following the auction, the vehicle was then taken to a shop for repairs. Sidibe Depo. [Ex. 6], p. 18.

According to the Amended Complaint in Sidibe 1, on the date of the accident Plaintiff went to West Auto Sales, Inc.'s, car dealership which was owned by Mujaidu Adeyemi.  Sidibe 1 Amended Compaint [Ex. 2], ¶ 6.  The Amended Complaint also claims that while Plaintiff was test driving a 1990 Dodge Minivan from West Auto Sales, Inc.'s lot, the left front wheel allegedly dislodged causing Plaintiff to lose control of the vehicle and to collide into a power pole.  Sidibe 1

Amended Complaint [Ex. 2], ¶¶ 7-9.   However, at his deposition, Plaintiff testified that he picked up the vehicle from Mujaidu Adeyemi somewhere on Georgia Avenue on December 8, 1998. Sidibe Depo. [Ex. 6], p. 35.  Plaintiff also testified that he was driving the vehicle at 5:00 a.m. on December 9, 1998 while delivering papers on his daily paper route at the time of the accident. Sidibe Depo. [Ex. 6], pp. 30-32.  Moreover, at the time of the accident, Plaintiff had placed his own personal tags taken from another vehicle owned by Plaintiff on the vehicle in question as the vehicle in question had not been registered in any jurisdiction.  Sidibe Depo. [Ex. 6], p. 36.  As a result of the accident, Plaintiff claims to have sustained serious bodily injuries.  Sidibe 1 Amended Complaint [Ex. 2] ¶¶ 4-10.

On or about December 9, 1998, West Auto Sales, Inc. was insured by Travelers Insurance Company.  Parfitt Depo. [Ex. 7], p. 7.  However, Travelers properly denied coverage to West Auto Sales, Inc. for the accident in question because West Auto Sales, Inc. failed to comply with the conditions of its policy with Travelers Insurance Company.  Not only did West Auto Sales, Inc. fail to notify Travelers Insurance Company of the claim in question within a reasonable time pursuant to its policy, but West Auto Sales, Inc. has *never* notified Travelers Insurance Company of the claim and/or this lawsuit.  Parfitt Depo. [Ex. 7], pp. 30-34.  Rather, Travelers first received notice of the instant claim upon receiving correspondence from Plaintiff's counsel.  Parfitt Depo. [Ex. 7], p. 36.  In response to that correspondence, Ms. Parfitt sent a letter to Plaintiff's counsel on January 28, 2002 explaining that coverage had been denied.  (Exhibit 8, attached hereto). Significantly, since Plaintiff was not an insured under the Travelers policy issued to West Auto Sales, he has no right of action.

- 8 -

As shown below, there are no material facts which remain in dispute and Plaintiff's claims

fail, as a matter of law, given these undisputed facts.

## ARGUMENT

### I.    Standard For Summary Judgment

Pursuant to Fed. R. Civ. P. 56 (c), summary judgment is appropriate "if the pleadings,

depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,

show that there is no genuine issue as to any material fact and that the moving party is entitled to

judgment as a matter of law." Anderson v. Liberty Lobby Inc., 477 U.S. 242, 247, 106 S. Ct.

2505 (1986). A fact is material for purposes of summary judgment if, when applied to the

substantive law, it affects the outcome of the litigation. Id. at 248. Summary judgment is also

appropriate when a party "fails to make a showing sufficient to establish the existence of an

element essential to that party's case, and on which that party will bear the burden of proof at

trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548 (1986).

A party opposing a properly supported motion for summary judgment bears the burden of

establishing the existence of a genuine issue of material fact. Anderson, 477 U.S. at 248-49.

"When a motion for summary judgment is made and supported as provided in [Rule 56], an

adverse party may not rest upon the mere allegations or denials of the adverse party's pleading,

but the adverse party's response, by affidavit or as otherwise provided in [Rule 56] must set forth

specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); see Celotex

Corp., 477 U.S. at 324; Anderson, 477 U.S. at 252. Of course, the facts, as well as justifiable

inferences to be drawn therefrom, must be viewed in the light most favorable to the nonmoving

party. Matsushita Elec. Indust. Co v. Zenith Radio Corp., 475 U.S. 574, 587-88, 106 S. Ct. 1348

(1986).

II.    **Plaintiff Cannot Maintain A Direct Cause Of Action Against
Defendant, Travelers Insurance Company**

A.    **Plaintiff's Breach Of Contract Claims Against Travelers Insurance
Company Should Be Dismissed**

It is well settled that a contract may not be enforced by someone who is not a party to it.

Flack v. Laster, 417 A.2d 393, 399 (D.C. App. 1980); citing Chong Moe Dan v. Maryland

Casualty Co. of Baltimore, 93 A.2d 286 (D.C. App. 1952).  It is undisputed that Plaintiff was not

a party to any agreement between West Auto Sales, Inc. and Travelers Insurance Company. (See

Declarations Page of Insurance Agreement, attached hereto as Exhibit 9).  Clearly, under the laws

of the District of Columbia, Plaintiff is unable to enforce any agreement between West Auto

Sales, Inc. and Travelers Insurance Company.  Since Plaintiff was not an insured under the policy

issued to West Auto Sales, he has absolutely no right of action against Defendant, Travelers

Insurance Company.

Accordingly, Defendant, Travelers respectfully submits that there are no material facts in

dispute regarding the fact that Plaintiff was not a party to the insurance agreement between West

Auto Sales, Inc. and Travelers Insurance Company.  Plaintiff cannot, as a matter of law, seek to

enforce the terms of the insurance agreement and, therefore, summary judgment in Defendant,

Travelers, favor is appropriate at this time.

B.    **Defendant, Travelers Insurance Company's Decision To Disclaim
Coverage Was Valid**

Although Plaintiff cannot seek to enforce the terms of the insurance agreement, to the

extent he claims that Defendant Travelers Insurance Company's disclaimer of coverage was

invalid, there is no dispute that the insured failed to comply with the terms of his insurance

contract.

- 10 -

Notice provisions in insurance contracts are of the essence of the contract.  Lee v. Traverlers Insurance Co., 184 A.2d 636, 638 (D.C. 1962).  It is in order to promote the efficient and economic liability insurance administration that such provisions are given effect in the interest of the public as well as the insurer.  Greenway v. Selected Risks Insurance Co., 307 A.2d 753, 755 (D.C. 1973).

The insurance policy issued to West Auto Sales, Inc. (Exhibit 10, attached hereto) includes the following provisions:

2.  DUTIES IN THE EVENT OF ACCIDENT, CLAIM, SUIT OR LOSS

   a.  In the event of "Accident", claim, "suit" or "loss", you must give us or our authorized representative prompt notice of the "accident" or "loss". Include:
      (1) How, when and where the "accident" or "loss" occurred;
      (2) The "insured's" name and address; and
      (3) To the extent possible, the names and addresses of any injured persons and witnesses.

   b.  Additionally, you and any other involved "insured" must:
      (1) Assume no obligation, make no payment or incur no expense without our consent, except at the "insured's" own cost.
      (2) Immediately send us copies of any request, demand, order, notice, summons or legal paper received concerning the claim or "suit".
      (3) Cooperate with us in the investigation, settlement or defense of the claim or "suit".
      (4) Authorize us to obtain medical records or other pertinent information.
      (5) Submit to examination, at our expense, by physicians of our choice as often as we reasonably require.

Under D.C. law, an insurer is excused for liability when the insured fails to comply with the policy provisions. In the present case, the insured did not give prompt notice of this alleged accident. To this date, West Auto Sales, Inc. has never notified Defendant Travelers Insurance Company of this claim and/or the lawsuit. Parfitt Depo. [Ex. 7], pp. 30-34. When Defendant Travelers Insurance Company became aware of the existence of the instant claim, several years after the alleged accident, they properly sent a letter to Plaintiff's counsel, dated January 28, 2002, explaining that coverage has been denied. See Ex. 8. In light of this, Travelers is extremely prejudiced in its ability to adequately investigate this alleged accident.

In Travelers Indemnity Company of Illininois v. United Food and Commercial Workers' International Union, 770 A.2d 978 (D.C. 2001), a District of Columbia Court of Appeals noted that "an insurer's obligation to defend is triggered only when the insured tenders to the insurer defense of an action which is potentially within the policy." Id. at 991. D.C. courts have held that, "notice provisions in insurance contracts are of the essence of the contract. Id. Notice of the claim enables the insurer to make prompt investigation and prepare to defend any action that may be brought. Id. The D.C. Court of Appeals went on to state that where the policy expressly makes compliance of its terms a condition precedent to liability on the part of the insurer, failure to comply the notice provision will release the insurer of liability on the policy. Id.

In addition to providing notice of the loss, the insurance policy at issue requires an insured to send copies of any demand, order, summons, or legal complaint. In the instant matter, this was never done. The only information Travelers received where from Plaintiff's counsel. In Greygcoat Hanover F Street LTD Partnership v. Liberty Mutual Insurance Company, 657 A.2d 764 (D.C. 1995), the District of Columbia Court of Appeals held that the property owners five (5)

- 12 -

month delay in providing copies of a lawsuit was unreasonable as a matter of law and excused the insurers from liability with respect to that matter. Id. at 769.

It is undisputed that the insured has not complied with the express provisions of the insurance contract. Moreover, at no point, up to and including now, has the insured challenged the denial of coverage. To the extent Plaintiff seeks to challenged the denial of coverage, it is clear that Defendant Travelers denial of coverage was justified. Moreover, as stated *supra*, Plaintiff was not an insured under the policy and therefore has no right of action to enforce the policy.

### C.   Plaintiff's Claims Are Barred By The Doctrines of Res Judicata And Collateral Estoppel

Plaintiff's claims are further barred by the doctrine of *res judicata*. It is well settled that once a claim is finally adjudicated, the doctrine of *res judicata* will operate to prevent the same parties from relitigation of not only those matters actually litigated but also those which might have been litigated in the first proceedings. Jonathon Woodner Co. v. Adams, 534 A.2d 292, 295 n. 6 (D.C. 1987). Whether a party wins or loses relief in the initial action, the final judgment embodies all of a party's rights arising out of the transaction involved, and a party will be foreclosed from later seeking relief on the basis of issues which might have been raised in the prior action. Yuen v. Durham, 488 A.2d 1346, 1348 (D.C. 1985).

It is undisputed that the facts and parties at the core of the instant action are the same as those before this court in Plaintiff's previous law suit. Defendant Travelers Insurance Company's Motion for Summary Judgment in Sidibe 1, specifically addressed issues of contractual privity and denial of coverage. Sidibe 1 Motion for Summary Judgment, [Ex. 3] § II. The arguments put

forward by Defendant Travelers Insurance Company in their Motion for Summary Judgment in Sidibe 1 are substantially the same arguments fashioned *supra*.  Plaintiff was given the opportunity to respond to the issues and arguments presented in Defendant Travelers Insurance Company's Motion for Summary Judgment and he availed himself of that opportunity in his Opposition filed on January 23, 2003.  See Sidibe 1 Opposition, [Ex. 4].  Judge Bryant reviewed both the Motion and the Opposition thereto and ruled in favor of Defendant Travelers Insurance Company.  See Sidibe 1 Order, [Ex. 5].  As the parties are the same as those in Sibibe1, the doctrine of *res judicata* bars Plaintiff from relitigating this matter.

Even though *res judicata* bars the Plaintiff from bringing the same suit a second time, collateral estoppel further bars relitigation of the issues determined in a prior action.  Smith v. Jenkins, 562 A.2d 610, 617 (D.C. 1989).  Collateral estoppel, or issue preclusion, renders conclusive in the same or subsequent action an issue of fact or law previously determined by a court of competent jurisdiction.  Id.  For purposes of collateral estoppel, the nature and scope of a cause of action is determined by the factual nucleus, not the theory on which a plaintiff relies. Faulkner v. GEICO, 618 A.2d 181, 183 (D.C. 1992).

In the present matter, the factual issues are the same as those put forward in Sidibe 1.  The theory relied upon by Plaintiff is the same.  In both actions, Plaintiff alleges Defendant Travelers Insurance Company breached the contract.  This bases for the breach in both action being Travelers denial of coverage and failure to pay Plaintiff.  As both lawsuits are based on the same alleged accident, there is no disputing that the factual nucleus is the same and, therefore, collateral estoppel precludes the instant lawsuit.

- 14 -

**CONCLUSION**

For the foregoing reasons, Defendant, Travelers Insurance Company, submits that there are no material facts which remain in dispute regarding the claims asserted in the Amended Complaint against them.  Accordingly, Defendant, Travelers Insurance Company respectfully requests that this Court enter summary judgment in their favor against Plaintiff and dismiss all claims against them with prejudice.

Respectfully submitted,

**JORDAN COYNE & SAVITS, L.L.P.**

By:        ____/s/_____
Dwight D. Murray, #228932
James F. Jordan, # 6569
1100 Connecticut Avenue, NW
Suite 600
Washington, D.C.  20036
(202) 496-2801