IN THE U.S. DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
(CIVIL DIVISION)

RECEIVED APR 1 5 2002 BY: BA

RECEIVED APR 1 1 2002 NANCY MAYER WHITTINGTON, CLERK U.S. DISTRICT COURT

| | |
|---|---|
| YA YA SIDIBE<br>711 HUDSON AVENUE, #11<br>SILVER SPRING, MD 20912<br>　　　　Plaintiff,<br><br>v.<br><br>WEST AUTO SALES, INC.<br>2600 BLADENSBURG RD, N.E.<br>WASHINGTON, D.C. 20018<br><br>and<br><br>PRESIDENT/CEO<br>WEST AUTO SALES, INC.<br>both of<br>2600 BLADENSBURG ROAD, N.E.<br>WASHINGTON, D.C. 20018<br><br>and<br><br>M. ADEYEMI<br>1 KENNEDY STREET, N.W.<br>WASHINGTON, D.C. 20011<br><br>and<br><br>DONNA PARFITT<br>TRAVELERS INSURANCE<br>14048 PARK EAST CIRCLE<br>CHANTILLY, VA 20153<br>　　　　Defendants. | Civil Action No.: 1:99CV01841<br>Judge William B. Bryant |

**AMENDED COMPLAINT FOR NEGLIGENCE, FRAUD
AND DECEIT AND DEMAND FOR JURY TRIAL <u>TO INCLUDE BREACH OF
CONTRACT AND FAILURE TO HONOR CLAIM BY THIRD PARTY BENEFICIARY</u>**

COMES NOW, Plaintiff, Ya Ya Sidibe, by and through counsel, Blair & Lee, P.C., and

EXHIBIT 2

the undersigned, Walter L. Blair, Esq., and hereby files his complaint for Negligence, Fraud and Deceit and Demand for Jury Trial <u>To Include Breach of Contract and Failure to Honor Claim by Third Party Beneficiary</u> against Defendants herein, and alleges the following:

### I. JURISDICTION

1. Plaintiff alleges this Court has jurisdiction over the subject matter of this action, because diversity citizenship exists and the amount of controversy exceeds $75,000.00 pursuant to U.S.C. 28 § 1332.

### II. PARTIES

2. Plaintiff, Ya Ya Sidibe, is an adult and a resident of <u>Silver Spring, Montgomery County</u>, Maryland.

3. Defendant M. Adeyemi, is an adult and a resident of the District of Columbia.

4. At all material times to this action, Defendant Mujaidu Adeyemi was the owner or President/CEO of Defendant, West Auto Sales, Inc., which is an on-going concern engaged in the business of buying and selling automobiles in Washington, D.C.

5. <u>At all times relevant herein, Defendant, Travelers Insurance Company provided liability and related insurance coverage for and to the benefit of Defendant, West Auto Sales, Inc. and its agents.</u>

### III. FACTS

6. On December 9, 1998, Plaintiff visited Defendant, West Auto Sales, Inc., intending to purchase a vehicle.

7. On the same said date, Defendant Mujaidu Adeyemi allowed Plaintiff to test drive a 1990 Dodge Minivan from the parking lot of Defendant, West Auto Sales, Inc., in the District

2

of Columbia.

8. While Plaintiff was test driving the vehicle in the District of Columbia, the vehicle malfunctioned as the left front wheel of the vehicle was dislodged while in operation.

9. Plaintiff therefore lost control of the vehicle and collided into a PEPCO (Potomac Energy and Power Company) power pole.

10. As a direct and proximate result of the negligence of Defendants in failing to properly maintain and service the said vehicle, Plaintiff sustained serious injuries from the accident.

11. Defendant, West Auto Sales, Inc., by and through its insurance policy entered into with Defendant Travelers Insurance Company, was covered by said policy against any and all liability for acts of negligence engaged in by West Auto Sales, Inc., and/or its agents or representatives.

12. Travelers Insurance Company has since communicated to Plaintiff's attorneys that they have "denied coverage to West Auto Sales . . . ," which, Plaintiff argues, is a breach of Travelers' obligations under its insurance policy with defendant West Auto Sales, Inc. See Exhibit A: January 28, 2002-letter from Travelers to Plaintiff's attorneys.

### IV. NEGLIGENCE (Count 1)

13. Plaintiff, Ya Ya Sidibe, hereby incorporates by reference the averments in paragraphs 1-12 above as if the same are herein fully realleged herein.

14. Defendants, West Auto Sales, Inc. and its owner, as a seller of automobiles, owed a duty to Plaintiff Ya Ya Sidibe to maintain and service their vehicle in a proper manner in accordance with the governing regulations particularly for Defendants' prospective customers

3

such as Plaintiff.

15. Defendants, <u>West Auto Sales, Inc. and its owner,</u> breached the duty they owed to Plaintiff Ya Ya Sidibe and were negligent in the following manner:

(a) failing to properly maintain the vehicle;

(b) failing to properly service the vehicle;

(c) failing to warn Plaintiff of the gross defect in the vehicle;

(d) reckless operation of a vehicle sales garage; and

(e) other negligent acts.

16. Plaintiff Ya Ya Sidibe alleges that Defendants' conduct and actions, jointly and severally, were the sole cause of said accident and that but for their negligence, said accident and Plaintiff's injuries would not have occurred.

17. Plaintiff further alleges that he has been made disabled and cannot work or earn an income all due to Defendants' negligence.

18. <u>Defendant, Travelers Insurance Company, provided insurance coverage to West Auto Sales under an applicable insurance policy for acts of negligence committed by West Auto Sales, Inc., its agents and/or representatives.</u>

WHEREFORE, Plaintiff Ya Ya Sidibe prays that this Court to grants judgment against Defendants, jointly and severally, and award damages in favor of Plaintiff in the amount of Two Million Dollars ($2,000,000.00) plus costs of this action, attorney's fees, expenses and any further relief(s) the Court deems just and proper.

### V. FRAUD AND DECEIT (Count 2)

19. Plaintiff incorporates by reference paragraphs <u>1-18</u> as if realleged herein.

4

20.     Plaintiff alleges that Defendants were well aware that the vehicle which they sought to sell Plaintiff and which they requested that the Plaintiff test-drive, was defective, not fit to be driven on the streets in the District of Columbia or anywhere else.

21.     Plaintiff alleges that by way of deceit, Defendants requested that the Plaintiff test-drive said vehicle (without warning Plaintiff of its dangerous condition) which cause Plaintiff serious bodily injury, when one of the wheels of the vehicle came off, thereby totaling the vehicle and causing Plaintiff permanent bodily injuries.

22.     Plaintiff further alleges fraud and deceit were committed against him by Defendants when Defendants, after said accident, forged Plaintiff's signature on a fraudulent bill of sale and tried to pass the title of the vehicle to Plaintiff as if Plaintiff owned the vehicle even though Defendants knew that their actions were illegal, unapproved by Plaintiff and entirely against the interest, knowledge and rights of Plaintiff, all reflecting Defendants' further actions of fraud and deceit.

23.     Plaintiff alleges that said fraudulent conduct reflects Defendants' wrong-doing with intention to seek to avoid liability for Plaintiff's serious bodily injuries caused by said Defendants.

WHEREFORE, Plaintiff Ya Ya Sidibe, prays that this Court grants judgment in favor of Plaintiff against Defendants, jointly and severally, and award damages in the amount of Two Million Dollars ($2,000,000.00) plus costs of this action, attorney's fees, expenses and any further relief(s) the Court deems just and proper.

## JURY DEMAND

Plaintiff Ya Ya Sidibe demands a trial by jury of twelve jurors on the aforementioned

counts.

                Respectfully submitted,
                **BLAIR & LEE, P.C.**

                */s/ Walter L. Blair*
                Walter L. Blair, Esquire
                Windell W. Thomas, Esquire (Pro Hac Vice)
                4701 Melbourne Place
                College Park, MD 20740
                (301) 474-4700
                **Plaintiff's Attorneys**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that a copy of the foregoing **Amended Complaint for Negligence, Fraud, And Deceit And Demand for Jury Trial To Include Breach of Contract And Failure To Honor Claim By Third Party Beneficiary**, was mailed, postage prepaid, this 8th day of April 2002 to Tony O. Shaw, Esq. 1522 K Street, NW, Suite #840, Washington, D.C. 20005, and Donna Parfitt, Travelers Insurance Company, 14048 Park East Circle, Chantilly, VA 20153.

                */s/ Walter L. Blair*
                Walter L. Blair, Esquire

C://Blair/wwt/Sidibe Amended.Complaint for Negligence/Station 5