# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

YA YA SIDIBE,                                      )
                                                   )
        Plaintiff,                             )
                                                   )
v.                                                 )          Civil Action No. 1:99CV01841
                                                   )          Judge William B. Bryant
WEST AUTO SALES, INC., et al.,                     )
                                                   )
        Defendants.                            )

## MOTION FOR SUMMARY JUDGMENT OF DEFENDANTS, DONNA PARFITT AND TRAVELERS INSURANCE COMPANY

Defendants, Donna Parfitt and Travelers Insurance Company, by and through their undersigned counsel and pursuant to Rule 56 of the Federal Rules of Civil Procedure and LCvR 7.1, hereby respectfully move this Honorable Court for the entry of an Order granting them summary judgment.

The plaintiff is not an insured of the Travelers Insurance Company and, therefore, has no cause of action against the Travelers Insurance Company or Donna Parfitt, an employee of the Travelers Insurance Company.

Additional grounds in support of this relief are set forth in the accompanying Statement Of Material Facts Not In Dispute and Memorandum Of Points And Authorities.

Accordingly, Defendants, Donna Parfitt and Travelers Insurance Company, respectfully pray that summary judgment be granted in their favor and that the Amended Complaint be dismissed, with prejudice.

EXHIBIT

3

Respectfully submitted,

JORDAN COYNE & SAVITS, L.L.P.

By: _James F. Jordan_

James F. Jordan #6566
1100 Connecticut Avenue, N.W.
Suite 600
Washington, D.C. 20036
(202) 496-2801

Attorneys for Defendants, Travelers Insurance
Company and Donna Parfitt

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that copies of the foregoing Motion for Summary Judgment,

together with its accompanying Statement Of Material Facts Not In Dispute, Memorandum Of

Points And Authorities in support thereof and Proposed Order, were mailed, postage prepaid, this

10th day of January, 2003, to:

Walter L. Blair, Esquire
Windell W. Thomas, Esquire
BLAIR & LEE, P.C.
4701 Melbourne Place
College Park, MD 20740

Tony O. Shaw, Esquire
Suite 840
1522 K Street, N.W.
Washington, D.C. 20005

_James F. Jordan_

James F. Jordan

- 2 -

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

YA YA SIDIBE,                                    )
                                                 )
            Plaintiff,                           )
                                                 )
    v.                                           )        Civil Action No. 1:99CV01841
                                                 )        Judge William B. Bryant
WEST AUTO SALES, INC., et al.,                   )
                                                 )
            Defendants.                          )

STATEMENT OF MATERIAL FACTS
NOT GENUINELY IN DISPUTE

COME NOW, defendants, Donna Parfitt and Travelers Insurance Company (hereinafter

referred to as "Travelers" from time to time), by and through their attorneys, JORDAN COYNE

& SAVITS, L.L.P., and James F. Jordan, Esquire, and pursuant to LCvR 7.1 and Rule 56 of the

Federal Rules of Civil Procedure, hereby state that the following are the material facts not

genuinely in dispute which support the entry of summary judgment:

1.      This lawsuit arises out of an automobile accident which allegedly occurred on

December 9, 1998.  See Amended Complaint.

2.      Defendant, Donna Parfitt, is an employee of Travelers Insurance Company.

Deposition of Donna Parfitt [Exhibit C, attached hereto] ( "Parfitt Depo. [Ex. C]", hereinafter), p.

5.

3.      In her position with Travelers Insurance Company, Ms. Parfitt is responsible for

determining coverage, investigating claims, evaluating injuries, negotiating and settling claims, and

working with defense counsel on claims that are in litigation.  Parfitt Depo. [Ex. C], p. 23.

4.      On or about December 9, 1998, West Auto Sales, Inc. was insured by Travelers Insurance Company. Parfitt Depo. [Ex. C], pp. 7, 10.

5.      Plaintiff was not a party to any agreement between West Auto Sales, Inc. and Travelers Insurance Company. See Declarations Page of Insurance Agreement, attached hereto as Exhibit B.

6.      Defendant, Donna Parfitt was not a party to the insurance agreement between West Auto Sales, Inc. and Travelers Insurance Company. See Exhibit B.

7.      The only connection between Ms. Parfitt and the insurance agreement between West Auto Sales, Inc. and Travelers Insurance Company is her January 28, 2002 letter to plaintiff's counsel advising him that Travelers Insurance Company denied coverage to West Auto Sales, Inc. for failure to comply with the terms of its policy. See Exhibit A, attached hereto.

8.      Neither Travelers nor Ms. Parfitt owned the vehicle in question. Sidibe Depo. [Ex. D], pp. 63-68.

9.      Travelers Insurance Company and Ms. Parfitt were not in any way involved in, or have any knowledge of, the inspection of the vehicle in question, they did not request that plaintiff test-drive said vehicle, nor did they participate in or have knowledge of any transfer of title for said vehicle. Sidibe Depo. [Ex. D], pp. 13-19, 26-27, 33-45, 47-51, 63-68.

Respectfully submitted,

JORDAN COYNE & SAVITS, L.L.P.

By: _____

James F. Jordan #6569
1100 Connecticut Avenue, N.W.
Suite 600
Washington, D.C.  20036
(202) 496-2801

Attorneys for defendants, Travelers Insurance
Company and Donna Parfitt

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

YA YA SIDIBE,                              )
                                          )
            Plaintiff,                    )
                                          )
v.                                        )          Civil Action No. 1:99CV01841
                                          )          Judge William B. Bryant
WEST AUTO SALES, INC., et al.,            )
                                          )
            Defendants.                   )

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT
OF DEFENDANTS, DONNA PARFITT AND
TRAVELERS INSURANCE COMPANY'S, MOTION FOR SUMMARY JUDGMENT

COME NOW, defendants, Donna Parfitt and Travelers Insurance Company (hereinafter

referred to as "Travelers" from time to time), by and through their attorneys, JORDAN COYNE

& SAVITS, L.L.P., and James F. Jordan, Esquire, hereby submit the following Memorandum Of

Points And Authorities in support of their Motion For Summary Judgment and state as follows:

INTRODUCTION AND SUMMARY OF FACTS

This lawsuit arises out of an automobile accident which allegedly occurred on December

9, 1998. Sometime in November, 1998 plaintiff, Ya Ya Sidibe, met defendant, Mujaidu Adeyemi,

at an auto auction. Deposition of Ya Ya Sidibe [Exhibit D, attached hereto] ( "Sidibe Depo. [Ex.

D]", hereinafter), p. 13. Although the specific details concerning payment and ownership remain

disputed, plaintiff and defendant, Mujaidu Adeyemi, each contributed money towards the

purchase of a van. Sidibe Depo. [Ex. D], pp. 13-18, 26-27. Following the auction, the vehicle

was then taken to a shop for repairs. Sidibe Depo. [Ex. D], p. 18.

According to the Amended Complaint, on the date of the accident plaintiff, Ya Ya Sidibe,

went to defendant, West Auto Sales, Inc.'s, car dealership which was owned by co-defendant,

Mujaidu Adeyemi. The Amended Complaint also claims that while plaintiff was test driving a

1990 Dodge Minivan from West Auto Sales, Inc.'s lot, the left front wheel allegedly dislodged

causing plaintiff to lose control of the vehicle and to collide into a power pole. However, at his

deposition, plaintiff testified that he picked up the vehicle from defendant, Mujaidu Adeyemi,

somewhere on Georgia Avenue on December 8, 1998. Sidibe Depo. [Ex. D], p. 35. He also

testified that he was driving the vehicle at 5:00 a.m. on December 9, 1998 while delivering papers

on his daily paper route at the time of the accident. Sidibe Depo. [Ex. D], pp. 30-32. Moreover,

at the time of the accident, plaintiff had placed his own personal tags taken from another vehicle

owned by plaintiff on the vehicle in question as the vehicle in question had not been registered in

any jurisdiction. Sidibe Depo. [Ex. D], p. 36. As a result of the accident, plaintiff claims to have

sustained serious bodily injuries. See Amended Complaint ¶¶ 4-10.

In addition to asserting claims of negligence and "fraud and deceit" against the

President/CEO of West Auto Sales, Inc. and Mujaidu Adeyemi, plaintiff has inexplicably named

Travelers Insurance Company and Donna Parfitt, an employee of Travelers Insurance Company,

as co-defendants in this action. As a preliminary matter, defendants note that although the caption

of the Complaint names Donna Parfitt as a defendant, her name does not appear anywhere in the

body of the Amended Complaint and there are no allegations of any kind referring to Donna

Parfitt.[1] Moreover, the Amended Complaint does not assert that Ms. Parfitt, in her individual

---

[1] Ms. Parfitt's name does appear as the author of a letter dated January 28, 2002 to plaintiff's
counsel, attached to Plaintiff's Amended Complaint and hereto as Exhibit A.

capacity, had any involvement whatsoever in the accident which is the subject of this litigation. Rather, the Amended Complaint merely states: "At all times relevant herein, Defendant, Travelers Insurance Company provided liability and related insurance coverage for and to the benefit of Defendant, West Auto Sales, Inc. and its agents." Amended Complaint ¶ 5, (emphasis omitted). Plaintiff further alleges that Travelers Insurance Company denied coverage to West Auto Sales, Inc. for the accident in question and that said denial constituted "a breach of Travelers' obligations under its insurance policy with defendant West Auto Sales, Inc." Amended Complaint ¶ 12.

Defendant, Donna Parfitt, is in fact an employee of Travelers Insurance Company. Deposition of Donna Parfitt [Exhibit C, attached hereto] ( "Parfitt Depo. [Ex. C]", hereinafter), p. 5. In her position with Travelers Insurance Company, Ms. Parfitt is responsible for determining coverage, investigating claims, evaluating injuries, negotiating and settling claims, and working with defense counsel on claims that are in litigation. Parfitt Depo. [Ex. C], p. 23. On or about December 9, 1998, West Auto Sales, Inc. was insured by Travelers Insurance Company. Parfitt Depo. [Ex. C], pp. 7, 10. However, Travelers, by and through Ms. Parfitt, properly denied coverage to West Auto Sales, Inc. for the accident in question because West Auto Sales, Inc. failed to comply with the conditions of its policy with Travelers Insurance Company. Not only did West Auto Sales, Inc. fail to notify Travelers Insurance Company of the claim in question within a reasonable time pursuant to its policy, but West Auto Sales, Inc. has *never* to date notified Travelers Insurance Company of the claim and/or this lawsuit. Parfitt Depo. [Ex. C], pp. 30-34. Rather, Travelers first received notice of the instant claim upon receiving correspondence from plaintiff's counsel. Parfitt Depo. [Ex. C], p. 36. In response to that correspondence, Ms.

Parfitt sent a letter to plaintiff's counsel on January 28, 2002 explaining that coverage had been denied. See Exhibit A, attached hereto. Significantly, since this plaintiff was not an insured under the Travelers policy issued to West Auto Sales, he has no right of action.

As shown below, there are no material facts which remain in dispute with respect to defendants, Travelers Insurance Company and Donna Parfitt, and this plaintiff's claims against both defendants fail, as a matter of law, given these undisputed facts.

## ARGUMENT

### I.    Standard For Summary Judgment

Pursuant to Fed. R. Civ. P. 56 (c), summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Anderson v. Liberty Lobby Inc., 477 U.S. 242, 247, 106 S. Ct. 2505 (1986). A fact is material for purposes of summary judgment if, when applied to the substantive law, it affects the outcome of the litigation. Id. at 248. Summary judgment is also appropriate when a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548 (1986).

A party opposing a properly supported motion for summary judgment bears the burden of establishing the existence of a genuine issue of material fact. Anderson, 477 U.S. at 248-49. "When a motion for summary judgment is made and supported as provided in [Rule 56], an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavit or as otherwise provided in [Rule 56] must set forth

specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); see Celotex

Corp., 477 U.S. at 324; Anderson, 477 U.S. at 252. Of course, the facts, as well as justifiable

inferences to be drawn therefrom, must be viewed in the light most favorable to the nonmoving

party. Matsushita Elec. Indust. Co v. Zenith Radio Corp., 475 U.S. 574, 587-88, 106 S. Ct. 1348

(1986).

II.    **Plaintiff Cannot Maintain A Direct Cause Of Action Against
Defendants, Travelers Insurance Company And/Or Donna Parfitt**

A.    **Plaintiff's Breach Of Contract Claims Against Travelers Insurance
Company And Donna Parfitt Should Be Dismissed**

It is well settled that a contract may not be enforced by someone who is not a party to it.

Flack v. Laster, 417 A.2d 393, 399 (D.C. App. 1980); citing Chong Moe Dan v. Maryland

Casualty Co. of Baltimore, 93 A.2d 286 (D.C. App. 1952). It is undisputed that plaintiff was not

a party to any agreement between West Auto Sales, Inc. and Travelers Insurance Company. See

Declarations Page of Insurance Agreement, attached hereto as Exhibit B. Clearly, under the laws

of the District of Columbia, plaintiff is unable to enforce any agreement between West Auto Sales,

Inc. and Travelers Insurance Company. Since this plaintiff was not an insured under the policy

issued to West Auto Sales, he has absolutely no right of action against defendants, Donna Parfitt

and Travelers Insurance Company. In addition, any suit by plaintiff against Travelers Insurance

Company is premature at this time to the extent that it seeks to force Travelers Insurance

Company to pay insurance proceeds to the plaintiff for injuries and damages allegedly sustained as

a result of the accident which is the subject of this litigation. No judgment has as yet been

obtained against the alleged insured defendant(s). An injured party is entitled to file a direct

action against the insurer of a defendant only after first obtaining a judgment against the insured

- 5 -

defendant, which is unsatisfied after execution. A.S. Johnson Co. v. Atlantic Masonry Co., 693 A.2d 1117, 1119 (D.C.App. 1997), citing Gorman v. St. Paul Fire & Marine Ins. Co., 210 Md. 1, 121 A.2d 812, 815 (1956).   Accordingly, defendants, Travelers and Donna Parfitt, respectfully submit that there are no material facts in dispute regarding the fact that plaintiff was not a party to the insurance agreement between West Auto Sales, Inc. and Travelers Insurance Company. Plaintiff cannot, as a matter of law, seek to enforce the terms of the insurance agreement and, therefore, summary judgment in defendants, Travelers and Donna Parfitt's, favor is appropriate at this time.

Moreover, defendant, Donna Parfitt is not alleged to have breached any agreement with West Auto Sales, Inc., nor is she alleged to have been a party to any agreement with West Auto Sales, Inc. Plaintiff merely asserts that Travelers Insurance Company entered into a contract to provide liability insurance for West Auto Sales, Inc., and that Travelers Insurance Company breached said contract. Ms. Parfitt was not a party to said agreement. See Exhibit B. The only connection between Ms. Parfitt and the insurance agreement is her January 28, 2002 letter to plaintiff's counsel advising him that Travelers Insurance Company denied coverage to West Auto Sales, Inc. for failure to comply with the terms of its policy. See Exhibit A, attached hereto. Simply stated, plaintiff cannot show that defendant, Donna Parfitt, breached an agreement to which she was not a party, nor is she alleged to have been.

Accordingly, defendants, Travelers Insurance Company and Donna Parfitt, respectfully submit that there are no material facts in dispute regarding the fact that plaintiff was not a party to the insurance agreement between West Auto Sales, Inc. and Travelers Insurance Company. Plaintiff cannot, as a matter of law, seek to enforce the terms of the insurance agreement and,

- 6 -

therefore, summary judgment in favor of the defendants is appropriate.

> **B.**    **Defendants, Travelers Insurance Company And Donna Parfitt Are Not Vicariously Liable For The Alleged Negligent Acts Of The Co-Defendants**

Count 1 of Plaintiff's Amended Complaint alleges that co-defendants, West Auto Sales, Inc. and Mujaidu Adeyemi, were negligent in, *inter alia*, failing to maintain and service the vehicle in question, and failing to warn him of the defect in said vehicle. Count 1 further states: "Defendant, Travelers Insurance Company, provided insurance coverage to West Auto Sales under an applicable insurance policy for acts of negligence committed by West Auto Sales, Inc., its agents and/or representative." Amended Complaint ¶ 18. Apparently, plaintiff contends that Travelers Insurance Company and Donna Parfitt, by virtue of Ms. Parfitt's status as a Travelers employee and the fact that Travelers allegedly entered into an agreement with West Auto Sales, Inc., are somehow vicariously liable for the negligence of co-defendants, West Auto Sales, Inc. and Mujaidu Adeyemi. Plaintiff's claims of negligence against defendants, Travelers and Donna Parfitt are completely without merit. The District of Columbia Motor Vehicle Safety Responsibility Act, D.C. Code §50-1301.01 *et seq.* does not create a cause of action against a vehicle insurer, only the owner of the vehicle. Plaintiff has not alleged that either Travelers Insurance Company or Ms. Parfitt owned the vehicle in question. In fact, he has not even alleged that Ms. Parfitt insured the vehicle. It is undisputed that neither Travelers nor Ms. Parfitt owned the vehicle in question. Sidibe Depo. [Ex. D], pp. 63-68. Accordingly, there are no material facts which remain in dispute concerning plaintiff's claim of negligence against defendants, Travelers and Donna Parfitt. Therefore, summary judgment should be entered against plaintiff and all claims of negligence against defendants, Travelers Insurance Company and Donna Parfitt, should

be dismissed with prejudice.

### C.  Defendants, Travelers Insurance Company And Donna Parfitt Did Not Commit Any Acts Of Fraud Or Deceit

Count 2 of the Amended Complaint alleges fraud and deceit by all defendants against plaintiff. Specifically, the Amended Complaint alleges that defendants knew that the vehicle in question was not fit to be driven, that defendants requested plaintiff to test-drive the vehicle, that defendants forged plaintiff's signature on a fraudulent bill of sale and attempted to pass title of the vehicle to plaintiff without plaintiff's consent, and that said acts by defendants were done intentionally to avoid liability for plaintiff's alleged bodily injuries. See Amended Complaint, ¶¶ 20-23. Notwithstanding plaintiff's blanket yet conclusory allegations to the contrary, Travelers Insurance Company and Ms. Parfitt were not in any way involved in, or have any knowledge of, the inspection of the vehicle in question, they did not request that plaintiff test-drive said vehicle, nor did they participate in or have knowledge of any transfer of title for said vehicle. Sidibe Depo. [Ex: D], pp. 13-19, 26-27, 33-45, 47-51, 63-68. There are no material facts which remain in dispute regarding plaintiff's claims of fraud and deceit against defendants, Travelers and Ms. Parfitt and all such claims against this defendant should be dismissed with prejudice.

### CONCLUSION

For the foregoing reasons, defendants, Travelers Insurance Company and Donna Parfitt submit that there are no material facts which remain in dispute regarding the claims asserted in the Amended Complaint against them. Accordingly, defendants, Travelers Insurance Company and Donna Parfitt respectfully request that this Court enter summary judgment in their favor against plaintiff and dismiss all claims against them with prejudice.

- 8 -

Respectfully submitted,

JORDAN COYNE & SAVITS, L.L.P.

By: _James F. Jordan_____
James F. Jordan #6569
1700 Connecticut Avenue, N.W.
Suite 600
Washington, D.C. 20036
(202) 496-2801

Attorneys for defendants, Travelers Insurance
Company and Donna Parfitt

- 9 -

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

YA YA SIDIBE,                          )
                                       )
            Plaintiff,                 )
                                       )
     v.                                )          Civil Action No. 1:99CV01841
                                       )          Judge William B. Bryant
WEST AUTO SALES, INC., et al.,         )
                                       )
            Defendants.                )

## O R D E R

Upon consideration of the Motion For Summary Judgment filed on behalf of Defendants,

Donna Parfitt and Travelers Insurance Company, any Opposition thereto and the entire record

herein, it is, by this Court, this _____ day of _____, 2003

     ORDERED, that the Motion For Summary Judgment be, and the same hereby is

GRANTED; and, it is further

     ORDERED, that the Amended Complaint is hereby DISMISSED, WITH PREJUDICE.


                                       _____
                                       JUDGE

Copies To:

James F. Jordan, Esquire
JORDAN COYNE & SAVITS, L.L.P.
1100 Connecticut Avenue, N.W.
Suite 600
Washington, D.C. 20036

Walter L. Blair, Esquire
Windell W. Thomas, Esquire
BLAIR & LEE, P.C.
4701 Melbourne Place
College Park, MD 20740

Tony O. Shaw, Esquire
Suite 840
1522 K Street, N.W.
Washington, D.C. 20005