IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| YA YA SIDIBE ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | Civil Action No. 1: 99CV01841 |
| WEST Auto Sales, INC., et al., ) | Judge William B. Bryant |
| ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT OF DEFENDANTS, DONNA PARFITT AND TRAVELERS INSURANCE COMPANY**

Comes now Plaintiff by and through counsel, Walter L. Blair, Esquire, and files Plaintiff's Opposition to Motion For Summary Judgment Of Defendants, Donna Parfitt And Travelers Insurance Company, for the following reasons:

1. Defendants Parfitt and Travelers are not entitled to any summary judgment, as their wrongful conduct and misrepresentation, coupled with their contractual obligations to provide insurance for Defendant Mujaidu Adeyemi and Defendant West Auto Services, Inc. make them liable to Plaintiff. See Exhibit 1.

2. Plaintiff was injured on December 9,1998, when a Dodge van, which he test driving; owned by Defendant West Auto Sales and insured by Parfitt and Travelers, fell apart causing Plaintiff to suffer bodily injuries including multiple fractures. See exhibit 2 and 3.



EXHIBIT 4

3. Although Defendant Parfitt and Defendant Travelers were well aware that they had a duty to pay at least their maximum coverage of $25,000 on the policy with West Auto Sales, Parfitt acting on her own, and also while speaking for Defendant Travelers, advised that some unnamed lawyer told her not to pay the claim although she agreed, in Deposition that based on Plaintiff's injuries and multiple fractures, ordinarily Defendant Parfitt and Defendant Travelers would pay the $25,000 coverage, under Defendant West Auto Sale's coverage. See exhibit 2 and 3.

4. The ultimate issue as to whether these Defendants are liable reflect facts, and turn on such facts which are supported by the three attached Depositions which are genuine and material questions and issues in dispute, requiring the resolution by a jury, thus precluded such summary judgment t as sought by these Defendants.

WHEREFORE, Plaintiff requests that the Defendants' Motion for summary judgment be denied.

Respectfully submitted
Plaintiff by Counsel

_____
Walter L. Blair, Esquire
Federal Bar No. 13296
Blair & Lee P.C.
4701 Melbourne Pl.
College Park, Maryland 20740
(301) 474-4700

## MEMORANDUM OF POINTS AND AUTHORITIES

Summary judgement is inappropriate in this case due to factual disputes which exist between these parties which reflect material issues in this case.

## APPLICABLE LAW

It is well established that a Motion for Summary Judgement will be granted only if there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Federal Rule of Civil Procedure 56 (c); Shaw v. Straud, 13 F. 3d. 798(4th cir. 1994). A genuine issue of material fact exists if, when applied to the substantive law, it affects the outcome of the Litigation. Nilson v. Historic Inns Group Limited, 903 F. Supp. 905 (D. Md. 1995). The Court, considering a Motion for Summary Judgement, must view all of the facts and all reasonable inferences in the light most favorable to the nonmoving party. Shaw, Supra, 13 F. 3d at 798. Moreover, the nonmoving part is entitled to have the Court determine credibility in his favor.

WHEREFORE, Plaintiff requests that the Defendants' Motion for summary judgment be denied.

Respectfully submitted
Plaintiff by Counsel

Walter L. Blair, Esquire
Federal Bar No. 13296
Blair & Lee P.C.
4701 Melbourne Pl.
College Park, Maryland 20740
(301) 474-4700

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing Plaintiff's Opposition to Motion For Summary Judgment Of Defendants, Donna Parfitt And Travelers Insurance Company, was mailed first class, postage pre-paid on this 23rd day of January, 2003 to James F. Jordan, Attorney for Defendants, Travelers and Parfitt, 1100 Connecticut Avenue NW, Washington D.C. 20036 and Tony O. Shaw, Attorney for West Auto Sales, Inc., 1522 K Street NW, Suite 840, Washington D.C. 20005.

_____
Walter L. Blair, Esquire