UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Ya Ya Sidibe, )
)
      Plaintiff, )
)
v. )
)
) C.A. No. 99-1841 (SWBB)
West Auto Sales, Inc., et al, )
      Defendants. )

FILED

JUL - 8 2003

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

ORDER

For the reasons set forth in the foregoing Memorandum, it is this 7th day of July, 2003 hereby

ORDERED that Motion for Summary Judgment of Defendants Donna Parfitt and Travelers Insurance Company is GRANTED.

William B. Bryant
Senior United States District Judge

EXHIBIT
5

26

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Ya Ya Sidibe,

        Plaintiff,

v.

West Auto Sales, Inc., et al,
        Defendants.

C.A. No. 99-1841 (WBB)

FILED

JUL - 8 2003

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## MEMORANDUM

This case arises from circumstances surrounding an automobile accident that occurred in December 1998 in which Plaintiff suffered serious bodily injuries. Plaintiff filed his original two-count Complaint on July 6, 1999, asserting claims of negligence and fraud and deceit against Defendants, West Auto Sales, Inc. ("West Auto"), an automobile dealer, and Mujaidu Adeyemi, the owner of West Auto. Plaintiff alleged that Defendants negligently failed to maintain and service a vehicle. As a result, the left front wheel of the vehicle fell off, leading to the crash that caused Plaintiff's injuries.

On April 23, 2002, Plaintiff filed an Amended Complaint adding two additional Defendants, Donna Parfitt ("Parfitt") and Travelers Insurance Company ("Travelers"). Plaintiff's Amended Complaint is substantially similar to the original Complaint, except that Plaintiff describes Travelers as providing insurance coverage for Defendant, West Auto, and alleges that Travelers breached its obligations under the insurance policy because it denied coverage to West

Auto for the accident in which Plaintiff was injured. Plaintiff's Amended Complaint makes no specific allegations against Parfitt, an employee of Travelers. Indeed, aside from appearing in the caption, Parfitt is never actually named in the Amended Complaint.

Currently before this Court is the Motion for Summary Judgment of Defendants Donna Parfitt and Travelers Insurance Company, Plaintiff's Opposition thereto, and Defendants' Reply.

**I.      Standard for Summary Judgment**

Summary judgment is appropriate when "there is no genuine issue as to any material fact and [the] moving party is entitled to judgment as a matter of law." Fed. R. Civ. Pro. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-8 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248. In opposing summary judgment, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. Pro. 56(e); Anderson, at 248-9. "Unless the opposing party points to 'affirmative evidence' showing disputed material facts, the court shall enter summary judgment, if appropriate, against the adverse party." Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner, et al., 101 F.3d 145, 150 (D.C. Cir. 1996).

**II.     The Parties' Arguments**

Defendants Parfitt and Travelers believe that they are entitled to summary judgment because Plaintiff cannot maintain a direct cause of action against them. First, Defendants argue that Plaintiff cannot enforce the insurance contract between Travelers and West Auto because Plaintiff was not a party to the contract. Chong Moe Dan v. Maryland Casualty Co. of Baltimore,

2

93 A.2d 286, 288 (D.C. App. 1952). (Memorandum of Points and Authorities in Support of Defendants Donna Parfitt and Travelers Insurance Company's Motion for Summary Judgment at 5). Defendants argue that any claim Plaintiff might ultimately have against Defendant Travelers is premature at this time since there is no judgment against the insured, Defendant West Auto. (Mem. for Summ. J. at 5). As against Parfitt, Plaintiff does not allege that she breached any agreement, nor does he allege that she was party to the insurance contract between Travelers and West Auto. (Mem. for Summ. J. at 6).

Defendants Parfitt and Travelers additionally argue that they cannot be held vicariously liable for the alleged negligence of Defendants West Auto and Adeyemi because the District of Columbia Motor Vehicle Safety Responsibility Act, D.C. Code §50-1301 *et seq.* creates a cause of action against only the owner of a vehicle, and Plaintiff has not alleged that either Parfitt or Travelers owned the vehicle in question. (Mem. for Summ. J. at 7).

Defendants finally contend that, contrary to Plaintiff's blanket allegations of fraud and deceit on the part of all Defendants, Plaintiff did not set forth any facts suggesting that either Parfitt or Travelers were involved in, or had any knowledge of, the inspection of the vehicle in question, Plaintiff's test drive of the vehicle, or any transfer of title to the vehicle. (Mem. for Summ. J. at 8).

In his Opposition to Defendant's Motion for Summary Judgment, Plaintiff broadly asserts that summary judgment is inappropriate because material factual disputes exist between the parties. (Plaintiff's Opposition to Motion for Summary Judgment of Defendants Donna Parfitt and Travelers Insurance Company at 2). Plaintiff argues that Defendants Parfitt and Travelers are not entitled to summary judgment because "their wrongful conduct and misrepresentation,

coupled with their contractual obligations to provide insurance for Defendant Mujaidu Adeyemi and Defendant West Auto Services, Inc. make them liable to Plaintiff." (Plaintiff's Oppo. at 1).

### III. Analysis

As Defendants correctly point out in their Reply to Plaintiff's Opposition, Plaintiff's Opposition does not comply with Federal and Local Rules of Civil Procedure in several respects. (Reply to Plaintiff's Opposition to Defendants' Motion for Summary Judgment at 1). Federal Rule of Civil Procedure 56(e) provides that:

> [w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.

Fed. R. Civ. Pro. 56(e).

Local Rule of Civil Procedure 7.1(h) is even more specific in that it requires a party opposing a motion for summary judgment to include in its opposition "a separate concise statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated, which shall include references to the parts of the record relied on to support the statement." Local R. Civ. Pro. 7.1(h). When an opposing party does not set forth specific facts in dispute, the "district court is under no obligation to sift through the record" and is to deem as admitted the moving party's statement of undisputed facts. SEC v. Banner Fund Internat'l, 211 F.3d 602, 615-16 (D.C. Cir. 2000), citing, Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner, et al., 101 F.3d 145, 154 (D.C. Cir. 1996).

Plaintiff did not include a separate, concise statement of genuine issues in dispute with his Opposition, nor did he refer anywhere in his Opposition to any part of the record to support

4

his claims against Defendants. Rather, Plaintiff recycled allegations from his Complaint, and attached as exhibits nearly half of Plaintiff's deposition, several pages of Defendant Parfitt's deposition, and all one hundred twenty pages of Defendant Adeyemi's deposition, as well as Plaintiff's affidavit, a letter from Travelers Insurance to Plaintiff's counsel indicating that coverage for the accident had been denied, a copy of the insurance policy, receipts, an automobile title and assignment forms. Unfortunately, Plaintiff does not cite any specific passages or portions of these exhibits to support his position, apparently assuming that the Court would sift through the documents and itself identify material issues of fact in dispute.

Plaintiff's affidavit also fails to conform with the requirements of Federal Rule of Civil Procedure 56(e), which provides in relevant part that "opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Fed. R. Civ. Pro. 56(e). Plaintiff's affidavit is primarily comprised of conclusory statements that cannot by themselves support his Opposition to Defendants' Motion for Summary Judgment. For example, Plaintiff states that "Defendants Parfitt and Travelers are not entitled to any summary judgment as their wrongful conduct and misrepresentation, coupled with their contractual obligations to provide insurance for Defendant Mujaidu Adeyemi and Defendant West Auto Service, Inc. make them liable to Plaintiff." (Affidavit of YaYa Sidibe in Opposition to Defendants' Summary Judgment (sic) at ¶ 2). Plaintiff does not indicate what conduct or misrepresentations of Defendants Travelers or Parfitt he refers to nor how he is aware of such alleged conduct.

Plaintiff also avers in his affidavit that Defendant Parfitt admitted during her deposition that she and Defendant Travelers had "a duty to pay at least their maximum coverage of $25,000

on the policy with West Auto Sales." (Affidavit of Ya Ya Sidibe at ¶ 4). When read in context however, the statements presumably referred to by Plaintiff (he does not cite a page or line number) say no such thing. Rather, Parfitt agreed that Travelers would pay $25,000 to an injured person "if all things were equal and normal." (Parfitt Deposition at 30, lines 5-12). Parfitt went on to state that Travelers denied coverage for the particular accident at issue because the insured, West Auto, failed to comply with the policy conditions in that it has never notified Travelers of the existence of any claim or suit arising from the accident in which Plaintiff was injured. (Parfitt Deposition at 30, line 17 and at 34, lines 6-8).

Compounding the above described shortcomings, Plaintiff does not cite any case law indicating that he can maintain a cause of action against Travelers or Parfitt. Indeed, Plaintiff does not address Defendants' legal arguments anywhere in his Opposition. This final omission deals the fatal blow to Plaintiff's Opposition.

## IV.   Conclusion

Since Plaintiff has failed to provide a properly supported statement of facts in dispute (or for that matter, any statement of facts in dispute), the Court has no choice but to rely upon Defendants' Statement of Material Facts Not Genuinely in Dispute. However, even upon review of the exhibits attached to Plaintiff's Opposition, the Court does not discern any facts indicating that there are any material facts in dispute that could affect the determination of Defendants' Motion for Summary Judgment. As a result, the Court finds that Plaintiff cannot maintain a cause of action against Defendants Parfitt and Travelers for breach of contract because he was not a party to the insurance contract between Defendants West Auto and Travelers. It is well settled that a contract cannot be enforced by a non-party. Chong Moe Dan v. Maryland Casualty Co. of

Baltimore, 93 A.2d 286, 288 (D.C. App. 1952) (holding that plaintiff was not entitled to recover under a contract because he had not demonstrated that he was party to the contract or in privity with it).

Neither can Plaintiff hold Parfitt or Travelers vicariously liable under the District of Columbia Motor Vehicle Safety Responsibility Act, D.C. Code §50-1301 *et seq.* for the alleged negligence of Defendants West Auto and Adeyemi since neither Parfitt nor Travelers are the owner of the vehicle in question and the Act provides a cause of action only against owners. D.C. Code § 50.1301.08 (2002); Shannon-Huber v. General Electric Capital Auto Lease, Inc., 676 A.2d 467, 468 (1996) (holding that the statute assigns liability to the 'owner' of a vehicle for injuries caused by the consensual operation of the vehicle by another); see also, Mason v. Automobile Finance Co., 121 F.2d 32, 35 (D.C. Cir. 1941) (finding that the purpose of the predecessor statute was to "place the liability upon the person in a position immediately to allow or prevent the use of the vehicle.").

Finally, Plaintiff cannot maintain a cause of action against Parfitt nor Travelers for fraud and deceit because neither had any involvement in or knowledge of any inspection of the vehicle, Plaintiff's test drive of the vehicle or the alleged fraudulent transfer of the vehicle. For these reasons, in an accompanying Order the Court will grant the Motion for Summary Judgment of Defendants Donna Parfitt and Travelers Insurance Company.

William B. Bryant
Senior United States District Judge

Date: July 7, 2003