1

1   IN THE UNITED STATES DISTRICT COURT

2   FOR THE DISTRICT OF COLUMBIA

3   Civil Division

4

5   YA YA SIDIBE,                        )

6           Plaintiff,                   )

7       vs.                              )   Civil Action No.

8   WEST AUTO SALES, INC., et al.,       )       99-1841

9           Defendants.                  )

10          *        *        *        *        *

11

12                    **COPY**

13

14

15

16          The deposition of DONNA PARFITT was taken

17   on Tuesday, October 29, 2002, commencing at

18   3:10 p.m., at the law firm of Blair & Lee, P.C.,

19   4701 Melbourne Place, College Park, Maryland,

20   before Sean P. Goza, Notary Public.

21          *        *        *        *

22

> **EXHIBIT**
> tabbies
> 7

5

1    face of the complaint that Travelers Insurance

2    Company was identified as an independent entity to

3    be served for process.

4           So that's perhaps why CT Corporation has

5    not received a copy of the summons and complaint,

6    and why it has not been forwarded over to the

7    office of general counsel for Travelers in

8    Hartford, Connecticut.

9                     EXAMINATION

10          BY MR. BLAIR:

11          Q.    Let's see.  Ms. Parfitt, would you state

12    your full name, please.

13          A.    Donna Lorraine Parfitt, P-a-r-f-i-t-t.

14          Q.    And where do you live?  I don't need your

15    address, per se, but which area do you live?

16          A.    Fairfax, Virginia.

17          Q.    And for whom do you work, if you work?

18          A.    Travelers.

19          Q.    Travelers.  What's the full name?

20          A.    Travelers Insurance Company.

21          Q.    And what is your work address?

22          A.    14048 Park East Circle, Chantilly,

7

1          MR. BLAIR:   Okay.

2          MR. MURRAY:   But other than communications

3    between attorney-client and some other work product

4    information, that represents the entire file.

5          MR. BLAIR:   Okay.   Thank you, Counsel.

6          BY MR. BLAIR:

7      Q.   Ms. Parfitt, would you look at these

8    documents -- I'm just going to leave a page open in

9    case this is the right page -- and let me know if

10   West Auto was insured at the time of the injuries

11   of Mr. Sidibe.

12          And let me go back, let me see if I can

13   find the date that Mr. Sidibe was injured.   Just a

14   moment; I have the complaint here.

15          On about December 9, 1998, was West Auto

16   insured by Travelers at that date, if you know?

17      A.   Yes.

18      Q.   And how was the relationship between

19   Travelers and West Auto created?   Did somebody fill

20   in papers, do you know, by your documents?

21      A.   I don't know how they became an insured.

22      Q.   Are there anything in your documents that

30

1      A.   Right.   That's the whole accident limit.

2      Q.   Right.   And so for one person, the maximum

3  that person can get from Travelers is 25,000.

4      A.   That is correct.

5      Q.   And based on what you've said here, then,

6  if all things were equal and normal, would

7  Travelers pay the $25,000 to the injured person,

8  based on what we've discussed here?

9           MR. MURRAY:   Based on the entire facts of

10  this case?

11          MR. BLAIR:   Yes.

12          THE WITNESS:   Yes.

13          BY MR. BLAIR:

14     Q.   All right.   Now, let me ask you this, if

15  you know.   Is there any reason why Travelers has

16  not paid the $25,000 and gotten out of this case?

17     A.   Because coverage was denied.

18     Q.   And so that's Travelers position.

19     A.   Yes.

20     Q.   Do you know who from Travelers denied

21  coverage?

22     A.   I wrote the letter.   I also obtained

31

1  coverage -- I just didn't do it out of the blue on

2  my own; I obtained coverage opinion as well.

3      Q.  Coverage opinion.  Explain what that

4  means.

5      A.  We go to a law firm that's been designated

6  as coverage counsel and ask them.

7      Q.  I don't need to know your attorney-client

8  business, but if you can speak -- I don't want to

9  know that.  But basically you found out that you

10 had coverage, that there was coverage on the

11 vehicle.

12         MR. MURRAY:  Objection.  That's not what

13 she said.

14         BY MR. BLAIR:

15     Q.  Go ahead.

16     A.  No, we believed there was a coverage

17 problem, and that's why we asked coverage counsel

18 to look at it and answer our question regarding the

19 coverage.

20     Q.  And do you still believe there's a

21 coverage problem?

22     A.  Yes.

32

1       Q.    What is the coverage problem?

2       A.    The insured's failure to comply with

3   policy conditions.

4       Q.    And what are they?

5       A.    To notify us of any claim or any suit.

6       Q.    Within what period of time?

7       A.    It just -- I believe it's --

8       Q.    Does it say?

9       A.    It doesn't give a time frame like days,

10  weeks, or month; it just says a reasonable -- as

11  soon as possible.

12      Q.    Well, now, reasonable --

13      A.    Well, I always look at the policy to make

14  sure I get the wording exactly, but I believe --

15      Q.    Do we have the documents here from which

16  to look at?

17      A.    No, I don't.  I think -- I believe it

18  says -- and I don't want to guess, though.  I

19  believe it says as soon as practicable.

20      Q.    In all these documents which I've

21  subpoenaed from you, you didn't bring that

22  document, which we're calling what, Ms. Parfitt?

33

1          MR. MURRAY:    It's not in the policy

2    itself?

3          THE WITNESS:    Yeah, it is.

4          MR. MURRAY:    It should be in the policy.

5          MR. BLAIR:    That's what I asked.

6          THE WITNESS:    Oh, here it is.    It's called

7    business auto coverage form.

8          BY MR. BLAIR:

9      Q.    So your answer with respect to that is

10   what?

11         MR. MURRAY:    With respect to what?

12         MR. BLAIR:    To what she's speaking of.

13   That is, the so-called as soon as practicable or

14   possible or whatever language you were saying.

15         THE WITNESS:    It just says, immediately

16   send us copies of any request, demand, order,

17   notice, summons, or legal paper received concerning

18   the claim or suit.

19         BY MR. BLAIR:

20     Q.    Now, what is "immediate"?

21     A.    My definition of immediate?

22     Q.    Yes.

34

1        A.   Would be when the insured is served, he

2   should notify the company.  Either notify his

3   agent, who sends it to the company --

4        Q.   When he's served with a lawsuit?

5        A.   Yes.

6        Q.   And are you saying that the insured did

7   not do that?

8        A.   Correct.

9        Q.   What did he do?  When did he notify you?

10       A.   I don't believe our insured has ever

11   notified us.

12       Q.   When did you first hear about it?  From a

13   letter from us?

14       A.   I believe that's --

15       Q.   Take a look if you see it in one of the

16   documents.

17            MR. BLAIR:  This is on top; I don't know

18   if it helps you.

19            MR. MURRAY:  All right.  It's in your

20   notes.

21            THE WITNESS:  Okay.  Well, this is my

22   letter to him acknowledging -- okay.

36

1    Q.   Adeyemi?

2    A.   Adeyemi.

3    Q.   Spell it for me.

4    A.   A-d-e-y-e-m-i.

5    Q.   Did that letter ever get returned back to

6  you or not, to your knowledge?

7    A.   I don't remember.

8    Q.   Well, let me put it this way.  Are you of

9  the impression that he received communications from

10  you?

11    A.   Yes.

12    Q.   Now, this letter that you're speaking

13  of -- and I'm going to mark that as Parfitt 3 --

14  that letter helps you to recall what, Ms. Parfitt?

15    A.   How we were notified.

16    Q.   Okay.  Tell me -- synopsize from that.

17    A.   That we were notified of a lawsuit by the

18  plaintiff's attorney.

19    Q.   Okay.  And that was not sufficient for you

20  to bring you in the case; is that what you're

21  saying?

22    A.   That's why we got the coverage opinion,

55

1  STATE OF MARYLAND, to wit:

2          I, Sean P. Goza, before whom the

3  foregoing deposition was taken, do hereby certify

4  that the within-named witness personally appeared

5  before me at the time and place herein set out, and

6  after having been duly sworn by me, according to

7  law, was examined by counsel.

8          I further certify that the examination

9  was recorded stenographically by me and this

10  transcript is a true record of the proceedings.

11          I further certify that I am not of

12  counsel to any party, nor an employee of counsel,

13  nor related to any party, nor in any way interested

14  in the outcome of this action.

15          As witness my hand and notarial seal this

16  _____ day of _____, 2002.

17

18                    _____

19                    Sean P. Goza

20                    Notary Public

21  My Commission expires:

22  August 29, 2005.