IN THE U.S. DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| Ya Ya SIDIBE ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Civil Action No. 1:05cv02035 |
| ) | **Judge C. Kollar-Kotelly** |
| TRAVELERS INSURANCE COMPANY ) | |
| ) | |
| Defendant ) | |

## JOINT MEET AND CONFER STATEMENT

Pursuant to Local Civil Rule 16.3 and Federal Rule of Civil Procedure 26(f), the Parties met and conferred and hereby submit this joint report.

**1.    Likelihood This Case Will Be Disposed Of By Dispositive Motion**

Plaintiff's Position: Plaintiff opposes Defendant's Motion for Summary Judgment. This matter will most likely be resolved at trial.

Defendant's Position: Defendant has already filed a Motion for Summary Judgment.

**2.    Date For Joining Other Parties**

Both parties agree that all necessary parties are before the Court.

**3.    Assignment To A Magistrate Judge**

Both parties agree that this case should not be assigned to a Magistrate Judge at this stage of litigation.

**4.    Possibility of Settlement**

Plaintiff's Position: $100,000.00

Defendant's Position: Defendant does not believe that there is any possibility of

settlement.

**5.      Alternative Dispute Resolution**

Both parties agree that this case will not benefit from Alternative Dispute Resolution.

**6.      Dispositive Motion Schedule**

Defendant has already filed a Motion for Summary Judgment. However, in the event the Motion is denied, both parties agree and propose that any Motion for Summary Judgment be filed within 30 days following the close of all discovery; that any Opposition thereto be filed within 30 days thereafter; and that any Reply be filed within 14 days thereafter. Both parties propose that a decision on any such motion be issued as soon as possible after briefing is completed, and that pretrial be set within 30 days thereafter, if the Motion is denied in whole or in part.

**7. Initial Disclosures**

Both parties agree that initial disclosures should be made in accordance with Federal Rule of Civil Procedure 26(a)(1).

**8.      Discovery**

Plaintiff's Position: Plaintiff believes that there is no additional discovery needed by either party.

Defendant's Position: In the event Defendant's Motion for Summary Judgment is denied, Defendant proposes that six (6) months be allowed for fact discovery, with an additional two (2) month period for expert discovery.

**9. Expert Reports**

Plaintiff's Position: Plaintiff does not believe any expert is needed in this case. This is a relatively simple breach of contract suit against Defendant.

Defendant's Position: Defendant proposes that proponent's 26(a)(2) expert reports be exchanged 30 days prior to the conclusion of the fact discovery period, opponents' 26(a)(2) expert reports to be exchanged 30 days later, and deposition of all experts to be concluded 60 days thereafter. Defendant proposes that the requirements of Rule 26(a)(2) concerning expert witness reports should not be modified.

10. **Class Actions**

This is not applicable to this case.

11. **Bifurcation Of Trial Or Discovery**

Both parties agree that this case should not be bifurcated or managed in stages.

12. **Pretrial Conference Schedule**

Both parties agree and propose that pretrial statements be filed 30 days following the decision on any Motion for Summary Judgment, and that a pretrial conference be scheduled 45 days after any such decision.

13. **Trial Date**

Plaintiff's Position: Plaintiff would like to try this case within the next 90 days.

Defendant's Position: Defendant proposes that a trial date should be set at the pretrial conference.

14. **Other Matters**

Plaintiff's Position: There is no further discovery needed by either party.

Defendant's Position: Defendant proposes that discovery be tolled until the Court rules on Defendant's Motion for Summary Judgment. Defendant disagrees with Plaintiff's position that discovery is not needed by either party. Defendant Travelers did not take part in the discovery in

Plaintiff's previous case and therefore has the right to conduct such discovery.

                                              Respectfully submitted,
                                              **BLAIR & LEE, P.C.**

By:      ___/s/_____
           Walter L. Blair, Esquire #471057
           4701 Melbourne Place
           College Park, Maryland 20740
           (301) 474-4700
           *Counsel for Plaintiff*

           **JORDAN COYNE & SAVITS, L.L.P.**

By:      ___/s/_____
           Dwight D. Murray, #228932
           James F. Jordan, # 6569
           1100 Connecticut Avenue, NW
           Suite 600
           Washington, D.C.  20036
           (202) 496-2801
           *Counsel for Defendant Travelers Insurance Co.*

Plaintiff did not provide a Statement of the Case to be included in the Joint Meet and Confer Statement. Repeated calls to Plaintiff's counsel regarding the omission were not returned.

**Defendant Travelers Insurance Company's Statement of the Case**

This lawsuit arises out of an automobile accident which allegedly occurred on December 9, 1998. Plaintiff, Ya Ya Sidibe, initially filed a lawsuit, Case No. 1:99cv01841, against West Auto Sales and Mujaidu Adeyemi on July 6, 1999[1]. Plaintiff then filed an Amended Complaint on April 11, 2002 adding claims of fraud, deceit and breach of contract against Donna Parfitt and Travelers Insurance Company. On January 10, 2003, Defendants Donna Parfitt and Travelers Insurance Company filed a Motion for Summary Judgment, which was granted by the honorable William B. Bryant on July 7, 2003.

The instant action was commenced when Plaintiff filed his Complaint on October 17, 2005 alleging breach of contract by Defendant Travelers Insurance Company, the same allegation made in Plaintiff's Amended Complaint in Sidibe 1. The underlying facts of the new Complaint are the same as those adjudicated in the previous action.

On the date of the accident, Plaintiff claims he was test driving a 1990 Dodge Minivan from West Auto Sales, Inc.'s lot, when the left front wheel allegedly dislodged causing Plaintiff to lose control of the vehicle and to collide into a power pole. Although Plaintiff claims the vehicle

---

[1] To avoid confusion, the case of Sidibe v. Adeyemi, 1:99cv01841, will be referred to as "Sidibe 1."

belonged to West Auto Sales, there is evidence that both Plaintiff and Mujaidu Adeyemi each contributed money towards the purchase of the vehicle at an auto auction. Moreover, at the time of the accident, 5:00 a.m., Plaintiff was delivering papers on his daily paper route and had placed his own personal tags on the vehicle. Plaintiff claims to have sustained serious bodily injuries as a result of the accident.

On or about December 9, 1998, West Auto Sales, Inc. was insured by Travelers Insurance Company. However, Travelers properly denied coverage to West Auto Sales, Inc. for the accident in question because West Auto Sales, Inc. failed to comply with the conditions of its insurance policy. Not only did West Auto Sales, Inc. fail to notify Travelers Insurance Company of the claim in question within a reasonable time pursuant to its policy, but West Auto Sales, Inc. has *never* notified Travelers Insurance Company of the claim and/or this lawsuit. Rather, Travelers first received notice of the instant claim upon receiving correspondence from Plaintiff's counsel. In response to that correspondence, on January 28, 2002, Plaintiff's counsel was informed by letter that coverage had been denied.

Since Plaintiff was <u>not</u> an insured under the Travelers policy issued to West Auto Sales, he has no direct right of action against Travelers. Further, as the honorable William B. Bryant granted Defendant Travelers Motion for Summary Judgment in <u>Sidibe 1</u>, the claims are barred by the doctrines of *res judicata* and collateral estoppel.