# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA
## Civil Division

| | | |
|---|---|---|
| YA YA SIDIBE | : | |
| Plaintiff, | : | |
| | : | Civil Action No. 1:05CV02035 |
| v. | : | Judge C. Kollar-Kotelly |
| | : | |
| TRAVELERS INSURANCE COMPANY | : | |
| Defendant. | : | |
| _____ | : | |

## PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT OF DEFENDANT, TRAVELERS INSURANCE COMPANY

COMES NOW, Plaintiff, Ya Ya Sidibe, by and through counsel, Walter L. Blair, Esquire, pursuant to Rule 56 of the Federal Rules of Civil Procedure and LCvR7, and files this Opposition to Motion for Summary Judgment of Defendant, Travelers Insurance Company (hereinafter referred to as "Travelers" from time to time), for the following reasons:

1.  On December 9, 1998, Plaintiff Ya Ya Sidibe was injured in an automobile accident while test driving a van negligently maintained by Defendant Mujaidu Adeyemi (owner of the used car company) and the used car company, West Auto Sales, Inc., in the District of Columbia.

2.  On July 6, 1999, Sidibe sued Adeyemi and West Auto Sales, Inc. for negligence, *inter alia*. Upon learning that Travelers Insurance Company insured these Defendants and that Travelers was denying claim due to alleged late notice by Defendants West Auto Sales, Inc. and Adeyemi, on April 11, 2002 Plaintiff Amended the Complaint to include Travelers to bring Travelers into the suit so that Travelers could defend and in order to avoid Travelers claim of possible disadvantage in not being involved in the litigation between Sidibe v. West Auto Sales, Inc./Adeyemi.

3. Travelers subsequently filed a motion for summary judgment (which was granted). Subsequently Plaintiff won judgment of $246,300.08 against West Auto and Adeyemi on May 18, 2004, as ordered by the Honorable William B. Bryant, Senior United States District Court Judge.

4. Travelers again reiterated that position opposing Plaintiff's Complaint for Execution of Judgment which was granted by Judge Bryant for the following reasons on May 10, 2005 that:

   a. Plaintiff could not sue Travelers at the time because Sidibe was not a party to the insurance contract, and

   b. There was not judgment in the suit against Defendant Adeyemi or West Auto in favor of Plaintiff Sidibe thus Sidibe's suit against Travelers was "premature."

5. In Judge Bryant's Memorandum of the May 10, 2005 Order, footnote 4, page 5 stated <u>"Nothing, however, in the Court's previous grant of summary judgment itself precludes Plaintiff from bringing a separate direct action against Travelers for recovery under the insurance policy."</u>

6. Plaintiff has now satisfied all conditions preceded to brining a separate and direct lawsuit against Travelers and for this reason Plaintiff contends that summary judgment is inappropriate, as there exists a genuine issue of material fact on this determinative issue and Plaintiff requests that summary judgment be denied and that this matter proceed to trial, Ya Ya Sidibe v. Travelers Insurance Company, Civil Action No. 1:05CV02035, as requested by Plaintiff in this new action filed October 17, 2005. In further opposition to Defendant's Motion for Summary Judgment, Plaintiff relies on the attached opposition including Plaintiff's Memorandum of Points and Authorities.

WHEREFORE, it is respectfully requested that Defendant Travelers Motion for Summary Judgment be denied.

                                                                         Respectfully submitted,

BLAIR & LEE, P.C.

_____/s/_____
Walter L. Blair, Esquire, #471057
4701 Melbourne Place
College Park, Maryland 20740
(301) 474-4700
*Counsel for Plaintiff*

## CERTIFICATE OF E-FILING

I HEREBY CERTIFY that a copy of the foregoing Plaintiff's Opposition to Defendant Travelers Insurance Company's Motion for Summary Judgment was e-filed on this 14th day of February, 2006 to Dwight D. Murray, Esquire and James F. Jordan, Esquire, 1100 Connecticut Avenue, N.W., Suite 600, Washington, D.C. 20036.

_____/s/_____
Walter L. Blair, Esquire

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**
**Civil Division**

| | | |
|---|---|---|
| YA YA SIDIBE | : | |
| Plaintiff, | : | |
| | : | Civil Action No. 1:05CV02035 |
| v. | : | Judge C. Kollar-Kotelly |
| | : | |
| TRAVELERS INSURANCE COMPANY | : | |
| Defendant. | : | |

**ORDER**

UPON CONSIDERATION of Plaintiff's Opposition to the Motion for Summary Judgment of Defendant Travelers Insurance Company, and it appearing to the Court that good cause is shown why the Motion for Summary Judgment should be denied, it is on the _____ day of _____, 2006,

ORDERED, that the Motion for Summary Judgment of Defendant Travelers Insurance Company, is DENIED, and it is further,

ORDERED, that this matter shall proceed to trial to be held in this Court on the _____ day of _____, 2006.

_____
U.S. DISTRICT COURT JUDGE

cc:   Walter L. Blair, Esquire

      Dwight D. Murray, Esquire

      James F. Jordan, Esquire

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA**
**Civil Division**

| | | |
|---|---|---|
| YA YA SIDIBE | : | |
| Plaintiff, | : | |
| | : | Civil Action No. 1:05CV02035 |
| v. | : | Judge C. Kollar-Kotelly |
| | : | |
| TRAVELERS INSURANCE COMPANY | : | |
| | : | |
| Defendant. | : | |
| _____ | : | |

## STATEMENT OF MATERIAL FACTS
## GENUINELY IN DISPUTE

COMES NOW, Plaintiff, Ya Ya Sidibe, by and through counsel, Walter L. Blair, Esquire, pursuant to Rule 56 of the Federal Rules of Civil Procedure and LCvR7, and hereby states that the following are the material facts genuinely in dispute which support Plaintiff's Opposition to the Motion for Summary Judgment of Defendant, Travelers Insurance Company (hereinafter referred to as "Travelers"):

1.   On December 9, 1998, Plaintiff Ya Ya Sidibe was injured in an automobile accident while test driving a van negligently maintained by Defendant Mujaidu Adeyemi (owner of the used car company) and the used car company, West Auto Sales, Inc., in the District of Columbia. Travelers Insurance Company is responsible for paying any and all judgments caused by the negligence of these Defendants. [See **Exhibits 1**, Sidibe v. West Auto Sales, Inc., Case Number: 1:99CV01841, Judge William B. Bryant, Deck Type: Civil General, Date Stamp: 07/06/99]. [See also **Exhibit 2**, the deposition of Plaintiff Ya Ya Sidibe of June 12, 2001].

2.   On July 6, 1999, Sidibe sued Adeyemi and West Auto Sales, Inc. for negligence, *inter alia*. On June 12, 2001 at the deposition of Defendant Mujaidu Adeyemi, Defendant admitted

the substance of Sidibe's Complaint, in part, but Defendant Adeyemi was evasive about which insurance company he had for the van which he allowed Sidibe to drive when the van fell apart causing Sidibe's injuries in the District of Columbia. [See **Exhibit 3** at 21-29].

3.      Upon learning that Travelers Insurance Company insured these Defendants and that Travelers was denying claim due to alleged late notice by Defendants West Auto Sales, Inc. and Adeyemi, on April 11, 2002 Plaintiff Amended the Complaint to include Travelers to bring Travelers into the suit so that Travelers could defend and in order to avoid Travelers claim of possible disadvantage in not being involved in the litigation between Sidibe v. West Auto Sales, Inc./Adeyemi. [See **Exhibit 4**].

4.      On October 29, 2002 during the deposition of Defendant Travelers via its agent Donna Parfitt, Ms. Parfitt testified that Travelers insured Defendant West Auto and Adeyemi, pages 1, 5, 7, 23-55, and Ms. Parfitt submitted in discovery Travelers Declaration insuring West Auto Sales, Inc. [See **Exhibit 5 and 5a**].  Under such circumstances, Travelers could not truthfully claim that it did not have sufficient notice of the claim by Sidibe against West Auto, Travelers' insured.

5.      Travelers subsequently filed a motion for summary judgment which was opposed, however, Judge William Bryant granted the motion for summary judgment as to Travelers position that Sidibe was not a party to the contract between Travelers and West Auto and that the lawsuit by Plaintiff Sidibe against Travelers was premature.  Travelers was well aware at this point that it had had reasonable and sufficient notice and indeed Travelers was well aware that it had the obligation and duty to settle and/or pay any subsequent award brought by Plaintiff Sidibe.

6.      On May 18, 2004, following a trial before the Honorable William B. Bryant, brought by Plaintiff Ya Ya Sidibe against Defendant West Auto Insurance Company and Defendant Mujaidu Adeyemi, Judge Bryant awarded judgment for Plaintiff in the amount of $246,300.08. [See **Exhibit**

**6**].  One of the conditions which Defendants have raised in their motion for summary judgment was now satisfied in that there was a judgment against Travelers Insurance Company, West Auto, et al. such that Travelers was now placed in the position to pay Plaintiff Ya Ya Sidibe.

7.     On May 10, 2005, following Plaintiff's Complaint for Execution of Judgment and Request for Declaratory Relief, Defendant Travelers moved to strike and dismiss the Complaint. Judge Bryant granted Travelers relief, however, in his Memorandum, page 5, footnote 4, [See **Exhibit 7**] on the subject of Travelers potential liability to Plaintiff, Judge Bryant expressed the Court's sentiments in no uncertain terms, where he wrote the following:

> **In dismissing Travelers from the present lawsuit, the Court concluded, *inter alia*, that Plaintiff could not sustain an action for breach of contract against Travelers because he was not a party to the insurance contract.  See July 8, 2003 Memorandum at 6. Nothing, however, in the Court's previous grant of summary judgment itself precludes Plaintiff from bringing a separate direct action against Travelers for recovery under the insurance policy.  Just as Travelers argued in its Motion for Summary Judgment, "any direct action against it was premature at that stage because Plaintiff had not yet obtained a judgment against West Auto."  See Travelers Motion for Summary Judgment at 5-6 ("An injured party is entitled to file a direct action against the insurer of a defendant only after first obtaining a judgment against the insured defendant, which is unsatisfied after execution."); see also ERIC MILLS HOLMES, HOLMES'**

> **APPLEMAN ON INSURANCE § 111.1, AT 35 (2d. ed. 2000)**
>
> **("The general rule is that because there is no privity of contract [between the injured party and the liability insurer, an injured] party may not bring direct action against liability insurer of party who allegedly caused damage unless there is unsatisfied judgment against insured or it is specifically permitted either by statute or provision in policy."). (emphasis added).**

8. Judge Bryant in the above Memorandum, footnote 5, stated that "An injured party is entitled to file a direct action against the insured of a defendant only after first obtaining a judgment against the insured defendant." [See **Exhibit 6**] which is unsatisfied after execution. Defendant Travelers is well aware that Plaintiff has now satisfied those conditions as well, and Defendant Travelers is now obligated to pay Ya Ya Sidibe an amount regarding the judgment, and is being disingenuous with this Court at this time.

9. On August 11, 2005, pursuant to Plaintiff's Motion for Oral Examination In Court In Aid Of Judgment Via Federal Rules of Civil Procedure, Federal Rule 69, the Court took testimony of Defendant West Auto via its president, Defendant Mujaidu Adeyemi, [See **Exhibit 8**] and following examination of Defendants by both Plaintiff's counsel, Walter L. Blair, Esquire, as well as the Honorable William B. Bryant, Senior United States District Court Judge, Judge Bryant ruled that Defendant Mujaidu Adeyemi lacks sufficient assets to satisfy the judgment in this case. [See **Exhibit 9**].

10. Pursuant to the Court's Memorandum and Order of August 11, 2005, Plaintiff had thus satisfied all conditions requiring Defendant Travelers to pay all or part of the judgment against West Auto of May 18, 2004, or alternatively, Plaintiff then had the right to file "a separate direct

action against Travelers for recovery under the insurance policy." [*supra*, Judge Bryant's Memorandum, May 10, 2005, at 5, footnote 4, Cf **Exhibit 7**].

11.     Defendant Travelers has refused to pay any part of the judgment ordered against its insured West Auto in the amount of $246,300.08 on May 18, 2004, accordingly, Plaintiff was left with no other choice but to file the lawsuit of Ya Ya Sidibe v. Traveler's Insurance Company, Case Number 1:05CV02035, on October 17, 2005, particularly since Defendant Travelers was aware that Plaintiff could now sue Travelers yet Travelers refused to pay on the existing judgment.

12.     Plaintiff contends that for all the reasons expressed above including Exhibits 1-10, Travelers is acting in bad faith with Plaintiff and the Court, Travelers is forcing a needless litigation, for the sole purpose of wasting the Court's time with the result of clogging up the Court's docket, wasting the Court's resources and procrastinating on paying to Plaintiff all or part of the award against its insured which award was ordered by the late Judge William B. Bryant, and for Travelers wrongful conduct in creating and causing this litigation, Travelers should be held liable punitively as well as for compensatory damages in this instant litigation. **[See Exhibit 10].**

13.     Because all of the facts reflected from paragraphs 1-12 above are genuine issue of material facts in dispute, Travelers Motion for Summary Judgment should be denied.

WHEREFORE, it is respectfully requested that Defendant Travelers Motion for Summary Judgment be denied.

                                                  Respectfully submitted,
                                                  BLAIR & LEE, P.C.

                                                  _____/s/_____
                                                  Walter L. Blair, Esquire, #471057
                                                  4701 Melbourne Place
                                                  College Park, Maryland 20740
                                                  (301) 474-4700

*Counsel for Plaintiff*

# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT OF DEFENDANT, TRAVELERS INSURANCE COMPANY

COMES NOW, Plaintiff, Ya Ya Sidibe, by and through counsel, Walter L. Blair, Esquire, and hereby submits the following Memorandum of Points and Authorities in support of Plaintiff's Opposition to Motion for Summary Judgment of Defendant, Travelers Insurance Company (hereinafter referred to as "Travelers"), and states as follows:

## INTRODUCTION AND SUMMARY OF FACTS

1. Plaintiff realleges and incorporates by reference hereto paragraphs 1-13 above as being Plaintiff's Introduction and Summary of Facts.

## ARGUMENT

### I.   Standard for Summary Judgment

Federal Rules of Civil Procedure, Rule 56 denies any motion for summary judgment whenever the evidence before the District Court shows that there is a genuine issue of material fact and that the moving party is not entitled to judgment as a matter of law. The purpose of whether to grant summary judgment or not rests with the consideration as to whether the moving party, in this case has demonstrated to the Court that the non-movant, Plaintiff Ya Ya Sidibe, has no claims or positions which is supported by genuine issues of material fact. Indeed the United States Supreme Court in the case of *Celotex Corp v. Catrett*, 477 U.S. 317, 323-24 (1986) has indicated that summary judgment is proper not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules, designed to secure the just, speedy and inexpensive disposition of an action. See also Federal Rules of Civil Procedure 1.

In order for the non-movant to defeat summary judgment under Rule 56, a factual dispute

must exist which is both genuine and material. Rule 56 envisions a factual dispute to be material by virtue of the fact that its resolution is determinative or otherwise destroys an essential element of the non-party's civil case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). In *Anderson* at 248 the Court held that "only disputes over facts that might effect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Under the standard, it is clear that Plaintiff has raised genuine issues of material facts in this case such that Defendant's Motion for Summary Judgment should be denied.

> **II.     Plaintiff Can Maintain A Direct Cause Of Action Against Defendant, Traveler's Insurance Company**

On May 10, 2005, Judge William B. Bryant, regarding this very case made it clear to all parties, reflecting the position of the United States District Court for the District of Columbia that Plaintiff can in fact maintain a direct lawsuit against Travelers.

**Nothing, however, in the Court's previous grant of summary judgment itself precludes Plaintiff from bringing a separate direct action against Travelers for recovery under the insurance policy. Just as Travelers argued in its Motion for Summary Judgment, "any direct action against it was premature at that stage because Plaintiff had not yet obtained a judgment against West Auto."**

Defendant Travelers now argues against Judge Bryant's May 10, 2005 Memorandum because Travelers is well aware that Plaintiff now has a right to sue Travelers directly based on the judgment entered by Judge Bryant on May 18, 2004. This clearly is a genuine issue of material fact which would preclude the movant, Travelers, from being grated summary judgment. See *Anderson v. Liberty Lobby, Inc., supra.*

  **A. Plaintiff's Breach of Contract Claims Against Travelers Insurance Company Should Be Granted**

  As stated above, Plaintiff rightfully brought a lawsuit against Travelers in Civil Action No. 1:05CV02035, since Plaintiff won judgment against Travelers' insured, West Auto, Plaintiff then sought to execute Judgment against Defendants West Auto and Adeyemi, Defendants were thus examined in open Court by and before the Honorable Judge Bryant on August 11, 2005 [See **Exhibit 8**] and the Court found that Defendant Adeyemi speaking for Defendants demonstrated that Defendant "lacks sufficient assets to satisfy the judgment in this case." [See Exhibit 9]. The conditions outlined in Judge Bryant's May 10, 2005 Memorandum, at 5 were satisfied by Plaintiff therefore permitting suit to be maintained against Travelers.

  Specifically Plaintiff relies on Judge Bryant's Memorandum of May 10, 2005 at 5, footnote 4 where the Court stated:

> **"The general rule is that because there is no privity of contract [between the injured party and the liability insurer, an injured] party may not bring direct action against liability insurer of party who allegedly caused damage unless there is unsatisfied judgment against insured or it is specifically permitted either by statute or provision in policy."**

  Defendant Travelers disagrees with Plaintiff and contends that Plaintiff has not satisfied any requirement for bringing a direct lawsuit against it. Plaintiff, on the other hand, contends that Plaintiff has satisfied any and all conditions and may now sue Travelers for the unsatisfied judgment found against Travelers' insured West Auto and Adeyemi. Since this demonstrates genuine issues of material fact, summary judgment may not be granted in favor of Travelers.

Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574 (1986), Rule 56, Smith v. City of Fontana, 818 F.2d 1411 (9th Cir. 1991).  Cf Brower v. Inyo County, 489 U.S. 593 (1989).  Accordingly, summary judgment sought by Defendant should be denied.

> **B.     Defendant Travelers Insurance Company's Decision to Disclaim Coverage Was    Invalid**

Originally, Defendant Travelers was justified in their position that it did not have to pay Sidibe on the judgment he was awarded against West Auto.  Defendant may also have been justified in disclaiming coverage since Adeyemi may have been some what evasive with Plaintiff as to liability and/or insurance coverage, however, by the time of the lawsuit against Travelers filed on April 11, 2002, Civil Action No. 1:99CV01841, Travelers had ample opportunity to appear and defend Adeyemi.  In fact Travelers' corporate designee, Defendant Donna Parfitt, was deposed on October 29, 2002 and was indeed represented by Travelers Insurance counsel, Dwight Murray.  See **Exhibit 5.**  Travelers cannot in good faith claim that it did not have an opportunity to protect or defend its insured West Auto or Adeyemi.  Defendant Travelers had ample opportunity to join the litigation, to raise whatever defenses it wished to after being notified by Plaintiff of the lawsuit against West Auto and Adeyemi.  See Sidibe v. West Auto, Case Number 1:99CV01841.  Travelers could have defended and gathered necessary discovery to defend itself and/or defend Adeyemi/West Auto but Travelers chose to remove itself by filing a motion for summary judgment and by otherwise choosing to do nothing.

Travelers disputes this position claimed by Plaintiff at this point.  This matter is a genuine issue of material fact.  Accordingly, summary judgment for Travelers must be denied.  Anderson v. Liberty Lobby, Inc., supra.  See also Thompson v. City of Los Angeses, 885 F.2d 1439 (9th Cir. 1989).

     **C.**    **Plaintiff's Claims Are Not Barred By The Doctrines of Res Judicata And Collateral Estoppel**

Judge Bryant's Order of May 10, 2005 takes into consideration Defendant's claim in this regard that the matter is res judicata where the Court pointed out that in the first instance Plaintiff's suit against Travelers was premature, however, at this date and time, judgment has been rendered against West Auto thus it is not premature and that the other conditions, that is that judgment against West Auto cannot be satisfied, [See the Court's Memorandum of September 13, 2005 **(See Exhibit 9)**], has also now been met permitting Plaintiff to maintain a direct lawsuit against Defendant Travelers for the unsatisfied judgment, in whole and in part, ordered by Judge Bryant on May 18, 2004, in the amount of $246,300.08.  This issue is hotly contested by the litigants in this case.  The facts which give rise to this issue are genuine and material.  Accordingly, summary judgment as sought by Defendant Travelers must be denied and this matter should go forward in trial in the traditional sense.  Rule 56.  Summary Judgment should be considered in the light most favorable to the non-movant.

## CONCLUSION

Because there are genuine issues of material fact when considered in the light most favorable to the non-movant and when in considering all inferences in favor of the non-movant, the motion for summary judgment as brought by Defendant Travelers should be denied.  WHEREFORE, it is respectfully requested that Defendant Travelers Motion for Summary Judgment be denied.

                                                 Respectfully submitted,
                                                 BLAIR & LEE, P.C.

                                               _____/s/_____
                                               Walter L. Blair, Esquire, #471057

4701 Melbourne Place<br>
College Park, Maryland 20740<br>
(301) 474-4700<br>
*Counsel for Plaintiff*

## CERTIFICATE OF E-FILING

I HEREBY CERTIFY that a copy of the foregoing Plaintiff's Opposition Including Memorandum to Defendant Travelers Insurance Company's Motion for Summary Judgment was e-filed on this 14th day of February, 2006 to Dwight D. Murray, Esquire and James F. Jordan, Esquire, 1100 Connecticut Avenue, N.W., Suite 600, Washington, D.C. 20036.

_____/s/_____
Walter L. Blair, Esquire

WLB/kw C:\My Documents\BLAIR, WALTER\BLAIR, WALTER\Sidibe Opposition to Travelers Motion for Summary Judgment w6.wpd