UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Ya Ya SIDIBE | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:05cv02035 (RJL) |
| | ) | |
| TRAVELERS INSURANCE COMPANY | ) | |
| | ) | |
| Defendant. | ) | |

**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT,
TRAVELERS INSURANCE COMPANY'S MOTION FOR SUMMARY JUDGMENT**

Defendant, Travelers Insurance Company (hereinafter referred to as "Travelers" from time to time), by and through its undersigned counsel, hereby submits the following Reply to Plaintiff's Opposition to Defendant Travelers Insurance Company's Motion for Summary Judgment.

**I.    Plaintiff Cannot Maintain a Direct Cause of Action Against Defendant,
Travelers Insurance Company**

Defendant, Travelers Insurance Company, filed its Motion For Summary Judgment pursuant to LCvR 7 and F.R.C.P. 56.  Plaintiff has filed an Opposition to Defendant's Motion, however, Plaintiff failed to cite any legal basis to support his argument that he can maintain a direct cause of action against Defendant Travelers.  In fact, Plaintiff's Opposition barely addresses those issues raised in Defendants' Motion for Summary Judgment.  Rather, Plaintiff generally avers to a footnote of Judge Bryant's Memorandum in which Judge Bryant stated that he could not prevent Plaintiff from filing a suit against Travelers.

In its Motion for Summary Judgment, Defendant Travelers stated, and Plaintiff did not contradict, that under District of Columbia law, Plaintiff is unable to enforce any agreement between West Auto Sales, Inc. and Defendant Travelers. Plaintiff was not an insured under the policy issued to West Auto Sales, Inc. by Defendant Travelers and, therefore, Plaintiff has absolutely no right of a direct action against Defendant Travelers Insurance Company. See Flack v. Laster, 417 A.2d 393, 399 (D.C. 1980); citing Chong Moe Dan v. Maryland Casualty Co. of Baltimore, 93 A.2d 286 (D.C. 1952). Plaintiff admits in his Statement of Material Facts Genuinely In Dispute that Plaintiff was not a party to the contract between Travelers and West Auto Sales, Inc. Plt. Statement ¶ 5. As this Court is well aware, the parties to a contract are the only parties that have standing to assert a breach, a third party has no right to insist that the contract has been broken. Chong, 93 A.2d at 288; citing Williams v. Eggleston, 170 U.S. 304, 309 (1898).

Plaintiff fails to provide any legal basis whatsoever which could arguably allow him to maintain the direct action against Defendant Travelers; rather, his Memorandum of Points and Authorities consists only of a restatement of the standard for granting summary judgment under F.R.C.P. 56 and repeated cites to the footnote of Judge Bryant's Memorandum.

Plaintiff's Opposition completely fails to provide any legal authority for maintaining his Complaint against Defendant Travelers and, therefore, this Court should dismiss Plaintiff's Complaint with prejudice.

II.    **Defendant Travelers Insurance Company's Denial of Coverage Was Valid**

Assuming *arguendo* that Plaintiff could maintain this action against Defendant Travelers, he would be seeking to challenge Defendant Travelers denial of coverage.  As stated *supra*, the only party legally permitted to challenge that decision would be West Auto Sales, Inc., the insured.  See Flack, Chong, and Williams.  A third party to a contract cannot maintain an action alleging breach of contract.  See id.

The notice provisions in insurance contracts are a critical provision of the contract.  Lee v. Travelers Insurance Co., 184 A.2d 636, 638 (D.C. 1962).  In the instant matter, at no point did the insured ever provide notice to Defendant Travelers of the accident giving rise to this suit.  Def. Mot. Ex. 7, pp. 30-34.  Plaintiff cannot, and does not, dispute this fact.   The accident allegedly occurred on December 9, 1998.  Def. Mot. Ex. 1.  Defendant Travelers first received notice of the accident via a letter from Plaintiff's counsel dated January 3, 2002, more than three (3) years after the accident.  Def. Mot. Ex. 7, p. 36.  On January 28, 2002, Defendant Travelers promptly sent Plaintiff's counsel a letter stating that coverage had been denied because "the insured had never notified [Travelers] of the claim."  Def. Mot. Ex. 8.  Plaintiff then filed his Amended Complaint after learning that Defendant Travelers had denied the claim.  Def. Mot. Ex. 2.  Plaintiff, in his Opposition, lists as a "material fact" that Travelers was brought into the case so they could defend and not claim disadvantage by not being involved.  Plt. Opp. p. 6 (Plt. Statement ¶ 3).  Plaintiff further argues that Travelers cannot truthfully claim it did not have sufficient notice of the claim because they were involved in the first lawsuit.  Plt. Opp. p. 13.

Plaintiff's arguments misconstrue insurance law and the purpose of notice provisions. Policy notice provisions are conditions precedent to coverage, and failure to meet them can negate coverage. <u>Greycoat Hanover F Street LTD Partnership v. Liberty Mutual Insurance Co.</u>, 657 A.2d 764, 768 (D.C. 1995). Failure to notify can be dispositive, and the insurer need not demonstrate prejudice. <u>Id.</u> While Plaintiff alleges that Travelers cannot claim it did not have notice as it had an opportunity to defend the first lawsuit, Plaintiff fails to recognize that Defendant Travelers denial of coverage stemmed from their inability to <u>investigate</u>, not defend.

In <u>Lee</u>, the court noted that notice provisions in insurance contracts serve two purposes; first, they allow the insurer to make a prompt investigation and, second, they allow the insurer to prepare to defend the action. <u>Lee</u>, 184 A.2d at 639. The court further stated that "both requirements are reasonable and both must be met." <u>Id.</u> An insurer should not be held liable without reasonable opportunity to investigate <u>and</u> to properly defend. <u>Id.</u> (emphasis added).

In the instant matter, more than three (3) years elapsed before Defendant Travelers received notice of the accident. Defendant Travelers <u>never</u> had an opportunity to investigate. In <u>Greycoat</u>, the District of Columbia Court of Appeals held that the property owner's five (5) month delay in providing copies of a lawsuit was unreasonable as a matter of law and excused the insurers from liability. <u>Greycoat</u>, 657 A.2d at 769. <u>See also</u> <u>Hartford Insurance Group v. Liberty Mutual Insurance Co.</u>, 311 A.2d 506 (D.C. 1973), (holding that an insurer was relieved of its responsibility to bear the damages award against its insured as more than a year and a half elapsed before notice was received). Where evidence of timing is uncontradicted, reasonableness of the delay may become a question of law. <u>Greycoat</u>, 657 A.2d at 769.

In the instant case, it cannot, and is not, disputed that the insured did not comply with the express provisions of the insurance contract.  It is not disputed that Defendant Travelers first received notice of the accident more than three (3) years after it occurred.  It is further undisputed that Defendant Travelers never had the opportunity to investigate the alleged accident.  Therefore, as a matter of law, Defendant Travelers denial of coverage was reasonable and valid.

III.    **Plaintiff's Opposition Fails to Comply With LCvR 7 and F.R.C.P. 56**

Plaintiff's Opposition ignores specific provisions of LCvR 7 and F.R.C.P. 56.  Local Civil Rule 7(h) states, in pertinent part, the following:

> An opposition to [a motion for summary judgment] shall be accompanied by a separate concise statement of genuine issues setting forth all material facts as to which it is contended there exists a genuine issue necessary to be litigated, which shall include references to the parts of the record relied on to support the statement. . . . In determining a motion for summary judgment, the Court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion.

Rule 56(e) of the Federal Rules of Civil Procedure states, in pertinent part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Plaintiff's Statement of Material Facts Genuinely In Dispute does not put forward material "facts" that are in dispute.  Rather, Plaintiff relies upon conclusory statements of law.  For example, Plaintiff's Statement of Material Facts contains the following:

- 5 -

Travelers Insurance Company is responsible for paying any and all judgments caused by the negligence of these Defendants. Plt. Statement ¶ 1.

Travelers was well aware at this point that it had had reasonable and sufficient notice and indeed Travelers was well aware that it had the obligation and duty to settle and/or pay any subsequent award brought by Plaintiff Sidibe. Plt. Statement ¶ 5

Travelers is now obligated to pay Ya Ya Sidibe an amount regarding the judgment, and is being disingenuous with this Court at this time. Plt. Statement ¶ 8

Travelers is acting in bad faith with Plaintiff and the Court, Travelers is forcing a needless litigation, for the sole purpose of wasting the Court's time with the result of clogging up the Court's docket, wasting the Court's resources and procrastinating on paying to Plaintiff all or part of the award against its insured which award was ordered by the late Judge William B. Bryant, and for Travelers wrongful conduct in creating and causing this litigation, Travelers should be held liable punitively as well as for compensatory damages in the instant litigation.[1] Plt. Statement ¶ 12.

F.R.C.P. 56(e) precludes Plaintiff from resting upon mere allegations or denials. Plaintiff is required to put forward specific "facts" showing a genuine issue. As evidenced above, Plaintiff has failed to do so.

Beyond just providing conclusory statements, Plaintiff has attached to his Opposition as exhibits large portions of the deposition transcript of Plaintiff, Ya Ya Sidibe (38 pages) and the deposition transcript of Mujaidu Adeyemi (also 38 pages), as support for his argument. Rather

---

[1] While Plaintiff's Statement of Fact ¶ 12 is entirely without merit, Defendant Travelers wishes to call the Court's attention to the fact that Defendant Travelers sent Plaintiff's counsel a letter noting that coverage for this accident was denied *prior* to Plaintiff Amending his Complaint in the first lawsuit to include claims against Defendant Travelers. Plt. Opp. p. 6 (Plt. Statement ¶ 3). Defendant Travelers was then dismissed from the case via summary judgment, which "constitutes final judgment" according to the Honorable William B. Bryant. Plt. Opp. Ex. 7. Plaintiff has now, once again, filed suit against Defendant Travelers based upon the same facts and occurrence that were adjudicated in the first lawsuit.

than refer the Court or counsel to specific citations as provided in LCvR 7, Plaintiff merely references these exhibits.

Moreover, in his Memorandum of Points and Authorities, Plaintiff does not provide any legal basis to support his argument that he can maintain a cause of action against Defendant Travelers. Rather, Plaintiff relies solely upon a footnote in a Memorandum issued by the Honorable William B. Bryant.

Plaintiff baldly asserts the footnote in Judge Bryant's Memorandum constitutes authority to bring a direct cause of action against Defendant Travelers; however, Plaintiff does not explain the plain language of the Memorandum in which Judge Bryant actually denied Plaintiff's Complaint for Execution of Judgment and Request for Declaratory Relief. Specifically, Judge Bryant stated in his Memorandum that Defendant Travelers had been dismissed from the case on July 8, 2003, and that "all claims, rights, and liabilities" were disposed of. Plt. Opp. Ex. 7. Judge Bryant further stated this "constitutes final judgment in the case," and, as Travelers has been dismissed, Defendant Travelers is not subject to a damages order. Plt. Opp. Ex. 7. Unsure of what relief the plaintiff is seeking, Judge Bryant goes on to state that if Plaintiff seeks to file a direct action against Travelers, in the alternative to a writ of execution, "Plaintiff does not need the Court's permission." Plt. Opp. Ex. 7. It is in this context that the footnote appears. Judge Bryant was not validating the instant suit, but was merely stating that he cannot prevent Plaintiff from filing a direct action against Travelers. Plaintiff clearly misinterprets the footnote and alleges, "Plaintiff now has a right to sue Travelers directly based on the judgment entered by Judge Bryant on May 18, 2004." Plt. Opp. p. 11.

Finally, at no point in his Opposition, does Plaintiff dispute Defendant's Statement of Material Facts Not Genuinely In Dispute Nos. 4 and 6.

4.  The insured, Mujaidu Adeyemi, never notified Travelers Insurance Company of the claim by Plaintiff.  Def. Statement ¶ 4.

6.  Plaintiff was not a party to any agreement between West Auto Sales, Inc. And Travelers Insurance Company.  Def. Statement ¶ 6.

Under LCvR 7 and F.R.C.P. 56, these facts are to be assumed admitted, and as they are ultimately dispositive of the issues in this case, summary judgment is appropriate.

## CONCLUSION

The only issues for this Court to determine are whether Plaintiff can maintain a direct action against Travelers and whether Plaintiff has standing to assert a breach of contract claim based upon Defendant Travelers' disclaimer of coverage to its insured, West Auto Sales, Inc.

For the foregoing reasons, as well as those set forth in Defendant's Memorandum in Support of its Motion for Summary Judgment, Defendant, Travelers Insurance Company, submits that there are no material facts which remain in dispute regarding the claims asserted in the Complaint.  Accordingly, Defendant Travelers Insurance Company respectfully requests that this Court enter summary judgment in its favor and dismiss Plaintiff's Complaint with prejudice.

Respectfully submitted,

JORDAN COYNE & SAVITS, L.L.P.


By: _____ **/s/** _____

   Dwight D. Murray, #228932
   James F. Jordan, #6569
   1100 Connecticut Avenue, N.W.
   Suite 600
   Washington, D.C.  20036
   (202) 496-2801

Attorneys for Defendant,
Travelers Insurance Company

- 8 -

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that copies of the foregoing Reply to Plaintiff's Opposition to

Defendant, Travelers Insurance Company's Motion for Summary Judgment, was mailed, postage

prepaid, this  23rd  day of February, 2006, to:

> Walter L. Blair, Esquire
> Windell W. Thomas, Esquire
> BLAIR & LEE, P.C.
> 4701 Melbourne Place
> College Park, MD  20740


            **/s/**
_____
James F. Jordan