UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

JUL 7 - 2006

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

YA YA SIDIBE, )
)
    **Plaintiff,** )
)
v. )   Civ. Action No. 05-2035 (RJL)
)
TRAVELER'S INSURANCE COMPANY, )
)
    **Defendant.** )

MEMORANDUM OPINION
(July 6, 2006) [# 7]

Plaintiff, Ya Ya Sidibe, brought this action against defendant, Travelers Insurance Company ("Travelers"), on October 17, 2005, alleging breach of contract for failure to pay the amount of judgment against Mujaidu Adeyemi, an insured of defendant. (Compl. ¶¶ 12-13.) Plaintiff seeks judgment against defendant in the amount of $246,300.08 or the insurance policy limit if less than that amount. (Compl. ¶ 12.) Currently before the Court is defendant's Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56 on the grounds that plaintiff is not an insured of defendant and that plaintiff's claims are barred by the doctrines of res judicata and collateral estoppel. (Def. Mot. Summ. J. ¶¶ 1-2.) Upon consideration of the pleadings and the entire record herein, the Court GRANTS defendant's Motion for Summary Judgment.

## BACKGROUND

Plaintiff was seriously injured in an automobile accident on December 9, 1998 (Compl. ¶¶ 6, 8), and initially filed suit on July 6, 1999, asserting claims of negligence and

fraud and deceit against West Auto Sales, Inc. ("West Auto"), an automobile dealer, and Mujaidu Adeyemi, owner of West Auto.[1] (*Sidibe I*, Compl. ¶¶ 12, 18.) Plaintiff alleged that defendants negligently failed to maintain and service the vehicle that plaintiff drove, and that because of defendants' negligence, the left front wheel of the vehicle fell off, causing the accident that injured plaintiff. (*Sidibe I*, Mem. Op. 1, July 8, 2003.)

On April 23, 2002, plaintiff filed an Amended Complaint, adding defendants Travelers, which insured the original defendants, and Donna Parfitt ("Parfitt"), an employee of Travelers. The Amended Complaint was substantially similar to the original complaint, but further alleged that Travelers breached its obligations under West Auto's insurance policy by denying coverage to West Auto for the accident in which plaintiff was injured. (*Sidibe I*, Mem. Op. 1-2.) On July 7, 2003, Judge Bryant of this Court granted Travelers' Motion for Summary Judgment on the ground that plaintiff could not maintain a cause of action against Travelers because plaintiff was not a party to the insurance contract between West Auto and Travelers and contracts cannot be enforced by a non-party. (*Sidibe I*, Mem. Op. 6.) Subsequently, on May 25, 2004, plaintiff won judgment of $246,300.08 against West Auto and Adeyemi. (*Sidibe I*, Order 1, May 25, 2004.)

Plaintiff then moved for declaratory relief on January 13, 2005, asking the court to revisit the insurance coverage issue and order Travelers to pay the $246,300.08 jury verdict or a lesser amount up to West Auto's policy limit. (*Sidibe I*, Pl.'s Compl. for Execution of

---

[1] The original suit brought by plaintiff, *Sidibe v. West Auto Sales, Inc.*, Civil Action No. 99-1841, will hereafter be referred to as *Sidibe I*.

J. and Req. for Declaratory Relief 4.) Judge Bryant denied plaintiff's requests in his Order of May 10, 2005. The Court remarked in a footnote, however, that "nothing . . . in the Court's previous grant of summary judgment itself precludes Plaintiff from bringing a separate direct action against Travelers for recovery under the insurance policy." (*Sidibe I*, Mem. on Pl.'s Compl. for Execution of J. and Req. for Declaratory Relief 5 n.4.)

Plaintiff then filed this action, also in diversity, against defendant, Travelers Insurance Company, for breach of contract, alleging that defendant's failure to pay plaintiff, pursuant to the insurance policy defendant issued to West Auto, constituted a breach that plaintiff, as a third party beneficiary of the policy, can enforce. (Compl. ¶¶ 13-15.)

## DISCUSSION

### I.  Choice of Law & Standard of Review

This action is properly maintainable in federal court because there is diversity of citizenship among the parties and the amount in controversy exceeds $75,000.[2] 28 U.S.C. § 1332 (2000). A federal court sitting in diversity will apply the choice of law rules of the forum state or district, *Klaxon Co. v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 496 (1941), and under District of Columbia law, insurance contracts are governed by the substantive law of the state in which the policy is delivered. *Liberty Mut. Ins. Co. v. Travelers Indem. Co.*, 78 F.3d 639, 642 (D.C. Cir. 1996) (citing *Levin v. John Hancock Mut. Life Ins. Co.*, 41 A.2d 841, 843 (D.C. 1945). Therefore, in this case, District of Columbia law applies.

---

[2]  Plaintiff is a resident of Takoma Park, Maryland, and defendant is located in the Commonwealth of Virginia, where it also maintains its principal place of business, although it sells insurance to individuals and businesses all over the United States. (Compl. ¶¶ 2-3.)

Summary judgment "should be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-24 (1986). In deciding whether there is a disputed issue of material fact, the Court must draw all justifiable inferences in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Where the court finds that facts material to the outcome of the case are at issue, a case may not be disposed of by summary judgment. *Id.* at 248. If the facts in dispute are "merely colorable, or . . . not significantly probative, summary judgment may be granted." *Id.* at 249-50. Though the moving party bears the burden of establishing that there are no genuine issues of material fact and that judgment on the legal issues is appropriate in its favor, *Celotex*, 477 U.S. at 322-24, a party opposing a motion for summary judgment "may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial," *Anderson*, 477 U.S. at 248; *see also Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner*, 101 F.3d 145, 150 (D.C. Cir 1996). "[T]he determination of whether a given factual dispute requires submission to a jury must be guided by the substantive evidentiary standards that apply to the case." *Anderson*, 477 U.S. at 255. If there is insufficient evidence indicating that a jury could

return a favorable verdict for the nonmoving party, then summary judgment is proper. *See Nat'l Geographic Soc'y v. Int'l Media Ass'n, Inc.*, 732 F. Supp. 4, 4 (D.D.C. 1990).

## II.  Standing

Defendant asserts that plaintiff may not sue to enforce the insurance contract between defendant and West Auto because plaintiff is not a party to that contract. (Def. Mot. for Sum. J. 10.) Although generally, "a stranger to a contract may not sue to enforce its terms," *Flack v. Laster*, 417 A.2d 393, 399 n.11 (D.C. 1980) (citing *Chong Moe Dan v. Maryland Casualty Co. of Baltimore*, 93 A.2d 286, 288 (D.C. 1952)), "one who is not a party to a contract nonetheless may sue to enforce its provisions if the contracting parties intend the third party to benefit directly thereunder," *W. Union Telegraph Co. v. Massman Constr. Co.*, 402 A.2d 1275, 1277 (D.C. 1979); *see also Robins Dry Dock & Repair Co. v. Flint*, 275 U.S. 303, 307 (1927). As such, the absence of the third party's name from the contract is not necessarily a bar to his ability to sue to enforce the contract. *W. Union Telegraph Co.*, 402 A.2d at 1277. However, for a third party to sue to enforce a contract, the contract at issue must "directly and unequivocally intend to benefit [plaintiff] in order for [plaintiff] to be considered an intended beneficiary," *Bowhead Info. Tech. Servs. v. Catapult Tech., Ltd.*, 377 F. Supp. 2d. 166, 171 (D.D.C. 2005) (quoting *Barnstead Broad. Corp. v. Offshore Broad. Corp.*, 886 F. Supp. 874, 879 (D.D.C. 1995)).

In the instant case, plaintiff is not named in the contract, nor does the record reveal any intent on the part of either West Auto or defendant for the contract to directly or

5

unequivocally benefit this particular plaintiff or any person situated similarly to plaintiff. Thus, plaintiff has no standing to sue defendant to enforce the insurance contract between defendant and West Auto.[3] Accordingly, summary judgment is granted to defendant.

### III. Travelers' Decision to Disclaim Coverage Was Valid

Assuming, *arguendo*, that plaintiff has standing to bring the present action against defendant, summary judgment must still be granted in favor of defendant because defendant's decision to disclaim coverage was valid as the insured, West Auto, failed to comply with the terms of the insurance contract. District of Columbia courts have repeatedly noted that "notice provisions in insurance contracts are the essence of the contract." *See, e.g., Diamond Serv. Co. v. Utica Mut. Ins. Co.*, 476 A.2d 648, 652 (D.C.

---

[3]   Given the clear decision warranted by the merits of this case and federal courts' "jurisprudential preference for adjudication of cases on their merits rather than on the basis of formalities," *Ciralsky v. CIA*, 355 F.3d 661 (D.C. Cir. 2004), a final determination of defendants defenses of res judicata and collateral estoppel are not necessary to this Court's judgment in the instant case. However, it is clear that the doctrines of res judicata and collateral estoppel, predicated on the District Court's grant of summary judgment for Travelers in *Sidibe I* (*see Sidibe I*, Mem. & Order, July 8, 2003), would bar plaintiff's claims in the current suit. The D.C. Circuit has established a three prong test for determining the preclusive effect of a prior holding:

> First, the same issue now being raised must have been contested by the parties and submitted for judicial determination in the prior case. Second, the issue must have been actually and necessarily determined by a court of competent jurisdiction in that prior case. Third, preclusion in the second case must not work a basic unfairness to the party bound by the first determination. An example of such unfairness would be when the losing party clearly lacked any incentive to litigate the point in the first trial, but the stakes of the second trial are of a vastly greater magnitude.

*Yamaha Corp. v. United States*, 961 F.2d 245, 254 (D.C. Cir. 1992) (citations omitted). The Court, in *Sidibe I*, explicitly found that plaintiff lacks standing to sue Travelers to enforce the insurance contract between Travelers and West Auto. (*Sidibe I*, Mem. & Order 6, July 8, 2003). Because the issue of plaintiff's standing to sue Travelers is the same in the instant case as it was in *Sidibe I*, the issue was actually and necessarily decided in *Sidibe I*, and because preclusion in the instant case would not work a basic unfairness to plaintiff, this Court finds that plaintiff is precluded by the principles of res judicata and collateral estoppel from bringing this action against defendant.

1984); *Lee v. Travelers Ins. Co.*, 184 A.2d 636 (D.C. 1962). As such, courts have held that "where compliance with notice provisions is a contractual precondition to coverage, a failure to timely notify releases the insurer from liability." *Greycoat Hanover F. St. Ltd. P'ship v. Liberty Mut. Ins. Co.*, 657 A.2d 764, 768 (D.C. 1995) (citing *Diamond Serv. Co.*, 476 A.2d 648, 652-54 (D.C. 1984)). Policies with such notice provisions "require notice 'within a reasonable time in view of all the facts and circumstances of each particular case,'" *id.* (quoting *Greenway v. Selected Risks Ins. Co.*, 307 A.2d 753, 755 (D.C. 1973)), and though reasonableness if often a question for a jury to decide, where "the evidence as to timing is uncontradicted, reasonableness of delay may become a question of law," *id.* (citing *Starks v. North East Ins. Co.*, 408 A.2d 980, 982-83 (D.C. 1979)). Indeed, courts have noted that "it is well established that 'efficient and economical liability insurance administration requires early knowledge of the claim in order that proper investigation be made [and] contractual provisions designed to secure this interest are, thus, to be given effect in the interest of the public as well as that of the insurer.'" *Greenway v. Selected Risks Ins. Co.*, 307 A.2d 753, 755 (D.C. 1973) (quoting *Waters v. Am. Auto. Ins. Co.*, 363 F.2d 684, 687 (D.C. Cir 1966)).

The insurance policy issued by defendant to West Auto that is at the center of the present controversy requires that the insured provide "prompt notice" of an accident or loss, as well as provide defendant with additional information "immediately." (Def. Mot. for Sum. J., Ex. 10.) The record in the present case indicates that West Auto never

notified defendant of the claim and/or lawsuit. (Parfitt Dep., 30:11-34:11, Oct. 29, 2002.) Defendant only became aware of the insurance claim several years after plaintiff's automobile accident when plaintiff's counsel sent defendant a letter informing it of the lawsuit. (Parfitt Dep., 36:17-18.) As a result, on January 28, 2002, defendant sent a letter to plaintiff's counsel explaining that coverage had been denied. (*See* Def. Mot. For Sum. J., Ex. 8.)

Not only did West Auto fail to promptly notify defendant of plaintiff's claim resulting from the accident, West Auto also failed to send copies of any request, demand, order, notice, summons or legal paper received concerning the claim or lawsuit to defendant. Since West Auto failed to abide by the notice provisions of the insurance contract within a reasonable time, defendant properly disclaimed coverage of the accident involving the plaintiff in this suit. *See Greycoat Hanover*, 657 A.2d at 768-69 (holding that a five month delay in providing copies of the lawsuit was unreasonable as a matter of law). Accordingly, even if plaintiff had standing to bring this action, summary judgment would be granted to defendant.

## CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's Motion for Summary Judgment. An appropriate Order will issue with this Memorandum Opinion.

_____
RICHARD J. LEON
United States District Judge